479 So.2d 277 (1985)
Alton H. COLEY, Appellant,
v.
STATE, of Florida, Appellee.
No. 84-2579.
District Court of Appeal of Florida, Second District.
December 6, 1985.
James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Jim Taylor, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Appellant raises several issues in this appeal. We find merit in only two of those issues.
Appellant pled nolo contendere on May 16, 1984, to the charges of burglary and grand theft and was placed on two years' community control. Appellant was subsequently charged with violating the conditions of his community control, and on October 19, 1984, the trial court revoked his community control sentencing him to five years' imprisonment on each count. The order revoking appellant's community control failed to list the conditions of community control which were violated, and appellant contends that the order is therefore defective. He reasons that in a violation of probation order the court is required to list the violations and that this requirement should also apply to orders of community control.
We agree. The two sanctions, both nonincarcerative dispositions, are functionally the same. Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). There is no reason to treat orders of violation of community control any differently than orders of violation of probation.
Accordingly, we hold that order revoking community control must list the conditions which have been violated.
As to the second issue, appellant contends that the court imposed an erroneous sentence under the guidelines.
*278 Although at sentencing the state proclaimed that appellant's scoresheet placed him in the guidelines range of four and one-half to five and one-half years, the scoresheet in the record places him in the guidelines range of either community control or twelve to thirty months' incarceration. Also, the trial court stated that it "would go beyond the guidelines, no matter what they are." It thus appears that the trial court neither knew nor cared to know the presumptive sentence applicable to appellant in its departure from the sentencing guidelines. We have previously held that there cannot be a proper departure without consideration of the presumptive guidelines sentence. Myrick v. State, 461 So.2d 1359 (Fla.2d DCA 1984).
We vacate appellant's sentence and remand for resentencing and correction of the order of violation of community control in accordance with this opinion. Should the trial court again decide to depart, it must state in writing valid reasons for such a departure. Jackson v. State, 478 So.2d 1054 (Fla. 1985).
We affirm the judgment in all other respects.
SCHEB, A.C.J., and CAMPBELL, J., concur.