PER CURIAM.
The appellant, Leroy Campbell, Jr., challenges the judgment and sentence imposed following the revocation of his community control. We affirm the appellant’s convictions and sentences, but we strike the assessment of attorney’s fees for the services of the appellant’s public defender and remand for correction of the order revoking community control.
The appellant pled guilty to a two count information charging him with the unlawful sale of cocaine and the unlawful possession of cocaine. The trial court adjudicated him guilty of both counts, imposed two years of community control for the possession of cocaine and a consecutive fifteen year term of probation for the sale of cocaine, and assessed $250 in court costs. The appellant did not appeal the trial court’s orders placing him on community control and probation.
During the following month, the state filed an affidavit alleging that the appellant had violated several conditions of his community control. A hearing was conducted during which the appellant pled guilty to the alleged violations. The trial court revoked the appellant’s community control, imposed a sentence permitted by the guidelines, and announced that the previously imposed court costs of $250 would be reassessed. Although the subject of attorney’s fees for the services of the appellant’s public defender was not discussed at the revocation hearing, the trial court’s sentencing order required the appellant to pay such fees at the rate of $50 per hour.
The appellant raises several points in this timely appeal. We find no merit in the appellant’s contention that he received an unlawful sentence and, therefore, decline to address that issue. His other contentions of error, however, do warrant discussion.
The appellant first contends that the trial court erred in reassessing court costs without announcing any statutory authority upon revoking his community control. Normally, a trial court is required to announce statutory authority for assessing court costs. See Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), petition for review denied, 515 So.2d 229 (Fla. 1987). In this case, however, the trial court merely reassessed an amount of court costs which were presumably correctly imposed when the appellant was initially placed on community control. Since the appellant failed to appeal the assessment of court costs contained in the initial order placing him on community control and does not even assert that order was in any way incorrect, he has waived his right to appeal the propriety of the trial court’s reassessment of those same costs. Cf. King v. State, 373 So.2d 78 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla. 1980) (on appeal from an order revoking probation, defendant is precluded from attacking the legality of the sentence placing him on probation unless that sentence was void).
Next, we agree with the appellant’s contention that the trial court erred in assessing attorney’s fees for the services of the public defender. Since the appellant’s affidavit of indigency indicates that he reserved the right to notice and a hearing regarding such an assessment, the trial court should not have assessed these fees without notice and hearing. See § 27.56(7), Fla. Stat. (1987); Fla.R.Crim.P. 3.720(d). See also, Ramsey v. State, 507 So.2d 742 (Fla. 2d DCA 1987). We, accordingly, strike the assessment of attorney’s fees from the sentencing order without prejudice to the trial court’s ability to reassess these fees after complying with the requirements of proper notice and hearing. See Shaffer v. State, 446 So.2d 1156 (Fla. 2d DCA 1984).
*211 Finally, we agree with the appellant’s contention that the trial court’s order revoking community control improperly failed to reflect the specific violations to which the appellant pled guilty. See Coley v. State, 479 So.2d 277 (Fla. 2d DCA 1985). We, therefore, remand the case to the trial court for correction of that order. The appellant need not be present for this correction.
Affirmed in part, and remanded with instructions.
SCHOONOVER, A.C.J., and THREADGILL and PARKER, JJ., concur.