710 So.2d 182 (1998)
Christopher SHAW, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-1222.
District Court of Appeal of Florida, Third District.
April 29, 1998.
*183 Bennett H. Brummer, Public Defender and Manuel Alvarez, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Douglas Gurnic, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
SORONDO, Judge.
Christopher Shaw (defendant) appeals the lower court's final order of revocation of probation and order imposing sentence.
Defendant was charged with battery on a law enforcement officer, disorderly conduct, and resisting arrest with violence. Defendant entered a plea of nolo contendere and was placed on community control for 2 years, with the special condition that he complete the Dade County boot camp program.
An affidavit alleging a violation of the conditions of community control was filed by the Department of Corrections on March 18, 1997. The affidavit set forth two bases for violation: 1) that the defendant had committed a battery, and 2) that the defendant's urine had tested positive for cocaine. At the violation hearing before the lower court, the State only presented evidence regarding the first condition.
The alleged violation arose from an incident involving the defendant and his brother, Derrick Shaw. The prosecution called two witnesses, Officer J. Millo and Derrick. Officer Millo testified at the probation violation hearing that he was originally dispatched to Jackson Memorial Hospital. When he arrived he spoke with the defendant's mother, Minnie Shaw, who told him that Derrick and the defendant had been in a fight and that the defendant had been the aggressor throughout the whole incident. The following day, Officer Millo took a written statement from Derrick who told him that the fight was over the disciplining of each other's children and that the defendant had been the aggressor. The altercation turned into a physical confrontation in which both parties were injured. The officer testified that the defendant was seriously injured, having received a stab wound to the left rear side of his back and a laceration on his forehead. On cross-examination, the officer indicated that in the 6-page offense incident report which he wrote, he listed the defendant as the victim and Derrick as the suspect.
The State's only other witness was Derrick. Derrick explained that the altercation was prompted by the fact that the defendant had disciplined Derrick's daughter. When Derrick confronted the defendant, a fight erupted during which Derrick stabbed the defendant. Derrick said that when he was interviewed by the police, he lied and portrayed his brother as the aggressor for fear that he would be arrested for the stabbing.
The defendant testified at the hearing and said that on the date of the incident, he told *184 his niece to sit down and she complained to Derrick, her father, that he (the defendant) had struck her with a belt. Derrick angrily confronted the defendant and initiated a brawl. The defendant described the fight as a "tussle" during which he was trying to get his brother off of him.
The trial court found that the defendant had violated the community control conditions by participating in the fight and getting arrested. The court sentenced the defendant to 70 months in state prison, and this appeal followed.
We reverse the trial court's order violating the defendant's community control and the sentence imposed. The record is clear that the trial judge believed the fact that the defendant was involved in a fight and that he was arrested for same was sufficient to violate his probation. At the conclusion of the state's case the judge said:
THE COURT: [M]r. Shaw understood that he could not afford to get in a fight or to be in a fight or to get arrested for a fight or for any other law violation because it would violate his Community Control.... What I am saying to you is it doesn't make any difference who started the fight. Mr Shaw participated in the fight, that is clear.
In response to this statement defense counsel argued that being engaged in a fight initiated by another could not be a violation of community control if the defendant was legitimately defending himself from an aggressor. He further argued that the existence of an arrest, standing alone, was not sufficient to sustain a violation. The trial judge was clearly unpersuaded by these arguments and concluded as follows:
DEFENSE COUNSEL: The Court's ruling was that he was arrested, that is sufficient to violate his community control.
THE COURT: Right. He was arrested for a battery and the testimony of the officer, the testimonywritten testimony of the victim and the testimony taken as a whole shows that he was involved in a fight. That fight was a battery. That is what he was arrested for and that arrest caused him to have his community control violated.
The law is clear that neither probation nor community control can be revoked merely because the person under supervision has been arrested for another offense. See Rock v. State, 584 So.2d 1110, 1112 (Fla. 1st DCA 1991); In re L.S., 553 So.2d 345, 345 (Fla. 4th DCA 1989); Manigault v. State, 534 So.2d 856, 857 (Fla. 1st DCA 1988). The law is also clear that neither probation nor community control can be revoked solely on hearsay. See Rock, 584 So.2d at 1112; Manigault, 534 So.2d at 857; Purvis v. State, 397 So.2d 746, 747 (Fla. 5th DCA 1981). The only evidence introduced in this case to support the revocation of the defendant's community control were the prior inconsistent statements of Derrick Shaw and Minnie Shaw. These statements were hearsay and consequently insufficient to sustain the revocation.
It appears from the record that the defendant was placed on community control on March 28, 1996 for a period of two years. The record further suggests that an affidavit of violation of community control was filed in November of 1996. The defendant admitted that violation and was sentenced to two years of community control beginning in January 1997. Accordingly, the trial court's order of revocation and sentence are reversed. The case is remanded with instructions to restore the defendant to community control.