CASANUEVA, Judge.
Kenneth Young appeals the judgment and sentence imposed following the trial court’s finding that he violated his probation. Because the only evidence admitted to prove the substantive violation was hearsay, we reverse.
The State contended Mr. Young violated condition five of his probation by committing an aggravated battery on James Sal-lins. The State provided testimony from Mr. Sallins, his father, a police officer, and Mr. Young’s probation officer at the revocation hearing. At the conclusion of the State’s evidence, Mr. Young testified on his own behalf.
The burden of proof on the State in revocation proceedings is the preponderance of evidence standard. See Roseboro v. State, 528 So.2d 499 (Fla. 2d DCA 1988). In probation revocation proceedings hearsay is permitted, but hearsay may not constitute the sole proof of the violation. See Williams v. State, 728 So.2d 287 (Fla. 2d DCA 1999); Colina v. State, 629 So.2d 274 (Fla. 2d DCA 1993).
The State presented two witnesses regarding the alleged aggravated battery incident. Initially, Mr. Sallins testified that he spent the evening at the residence of Ms. Patricia Stanley after spending some time drinking at a bar. He had consumed fewer than ten beers and maintained he was not intoxicated that evening. However, when he awakened in the morning, he felt pain, could not open his mouth, and discovered a knot on his forehead. Mr. Sallins testified he had not seen Mr. Young that evening and had no recollection of any events that might have caused his injuries. Awakening with Ms. Stanley in her bed, he asked her what had transpired. Mr. Sallins testified that Ms. Stanley said Mr. Young had struck him.
Mr. Salims’ statement is hearsay. It is an out of court statement offered to prove the truth of the matter asserted, i.e., that Mr. Young struck Mr. Sallins. See § 90.801(l)(c), Fla. Stat. (1995).
The second witness, the police officer, testified to several matters. He stated that Ms. Stanley told him: (1) while she was sleeping with Mr. Sallins, she awoke; (2) when she awoke, she saw Mr. Young beat Mr. Sallins; (3) Mr. Young had a key to her home; and (4) because her relationship with Mr. Young had concluded, he was no longer allowed access to her home. Each of these statements was hearsay.[1]
*637 Because Ms. Stanley did not testify to the events occurring on that date in her bedroom, these hearsay statements cannot serve as the sole basis for revocation. See Williams v. State, 666 So.2d 187 (Fla. 2d DCA 1995). The only other testimony relating to the events consisted of Mr. Young’s statements to his probation officer and his testimony at the revocation hearing.
The probation officer testified that Mr. Young reported in specially to tell him of the incident. Because Mr. Young was arrested approximately five months after the incident, the probation officer could not obtain information concerning the incident from his computer. He testified that Mr. Young reported to him that he was having an affair and went to the woman’s house. While there, he learned another man was present and he was asked to return later. He returned later to find the man present; a verbal confrontation ensued, the man pointed a gun at Mr. Young, and Mr. Young then struck him in self-defense.
In comparison, Mr. Young later testified that he was dating Ms. Stanley and had a key to her residence and permission to use it at any time. Prior to the date of this alleged violation, while also at Ms. Stanley’s residence, Mr. Sallins pulled a .25 caliber black automatic handgun and pointed it at him. Further, he testified that everyone in the neighborhood knew that Mr. Sallins carried guns.
The night of the alleged violation, he went to Ms. Stanley’s apartment and unexpectedly found Mr. Sallins naked and in bed with Ms. Stanley. In the dark room, he observed Mr. Sallins spring up and move toward the other side of the bed. Fearing that Mr. Sallins was going for a firearm, he ran and grabbed Mr. Sallins. Mr. Sallins turned and hit him. In self-defense, Mr. Young hit Mr. Sallins once on the top of the head, causing him to fall from the bed. He did not strike Mr. Sal-lins again.
Because of the inconsistencies in Mr. Young’s testimony as compared to the probation officer’s testimony, the court may conclude Mr. Young’s testimony is not worthy of belief. See Miller v. State, 661 So.2d 358 (Fla. 4th DCA 1995). With the elimination of Mr. Young’s testimony, the remaining evidence consisted only of his statements to his probation officer that uniformly asserted self-defense and the hearsay evidence of Mr. Sallins and the police officer. These are insufficient to sustain a revocation. See Shaw v. State, 710 So.2d 182 (Fla. 3d DCA 1998).
Reversed and remanded with instruction to discharge Mr. Young.
PATTERSON, C.J., and GREEN, J„ Concur.

. All hearsay, to this point, was objected to by Mr. Young's counsel.