763 So.2d 316 (2000)
Tommy THOMAS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC94469.
Supreme Court of Florida.
July 13, 2000.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and William I. Munsey, Jr., Assistant Attorney General, Tampa, Florida, for Respondent.
PER CURIAM.
We have for review Thomas v. State, 725 So.2d 1148 (Fla. 2d DCA 1998), on the basis of direct and express conflict. See art. V, § 3(b)(3), Fla. Const. We recently resolved this conflict in Maddox v. State, 760 So.2d 89 (Fla.2000). Thomas contends that fundamental error occurred when the trial court orally found that he had violated one condition of his probation, but the written order revoking probation stated that he had violated an additional seven conditions of probation. The district court characterized this as a "scrivener's error" that did not constitute fundamental error correctable on direct appeal absent preservation. See Thomas, 725 So.2d at 1148.[1] We concluded in Maddox that although this is a patent error, because the error has no quantitative effect on the sentence, it is not so serious that it should be corrected on appeal as fundamental error. 760 So.2d at 99. We therefore approve the decision of the Second District.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] It is clear that the defendant or the State may seek to correct a scrivener's error by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). See Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999), reh'g granted, 761 So.2d at 1025. In this case, the error was not preserved for appellate review.