763 So.2d 316 (2000)
Mark CHARLES, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95753.
Supreme Court of Florida.
July 13, 2000.
*317 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General, and Anthony J. Golden, Kellie A. Nielan, and Wesley Heidt, Assistant Attorneys General, Daytona Beach, for Respondent.
PER CURIAM.
We have for review Charles v. State, 751 So.2d 63 (Fla. 5th DCA 1999), a decision of the Fifth District Court of Appeal citing as controlling authority its opinion in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
Charles argues that a sentencing error occurred under Tripp v. State, 622 So.2d 941 (Fla.1993), when the sentence imposed upon his revocation of probation failed to award credit for time served on his primary offense. In addition, Charles contends that because his underlying offense was committed before October 1, 1989, he is entitled to credit for accrued gain time as the functional equivalent of time spent in prison. If a sentencing error occurred that is patent and serious because it has a quantitative effect on the sentence and a qualitative effect on the sentencing process, the error should be corrected as fundamental error. See Maddox v. State, 760 So.2d 89, 99 (Fla.2000).[1] Because the parties have not adequately briefed the merits of the alleged sentencing error at issue, we quash the decision below and remand for proceedings in light of our opinion in Maddox.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] In Maddox, we addressed the question of whether unpreserved sentencing errors should be corrected in appeals filed in the window period between the effective date of section 924.051, Florida Statutes (Supp. 1996), and our recent amendment to Florida Rule of Criminal Procedure 3.800(b) in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999), reh'g granted, 761 So.2d at 1025. The appeal in this case falls within the window period discussed in Maddox.