770 So.2d 183 (2000)
Antoine JELKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2117.
District Court of Appeal of Florida, Second District.
September 22, 2000.
*184 James Marion Moorman, Public Defender, and Douglas Chanco, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Antoine Jelks appeals the order revoking his community control. Mr. Jelks does not challenge the trial court's determination that he was in violation of community control and that those violations supported a revocation. Instead, he challenges only the adequacy of the revocation order itself asserting that it was insufficient because it failed to set forth the conditions of community control which he violated. We affirm.
We conclude that a trial court must render an order revoking or modifying probation or community control in order for this court to acquire jurisdiction to review issues relating to the revocation or modification. On the other hand, in light of the supreme court's decisions in Maddox v. State, 760 So.2d 89 (Fla.2000), and Thomas v. State, 763 So.2d 316 (Fla.2000), we conclude that, once an order has been rendered and this court has acquired jurisdiction to review such revocation order, the failure of the order to recite the relevant conditions violated is not a fundamental error necessitating its reversal or remand. To the extent that earlier cases from this court have required the entry of a more specific order without regard to whether the trial court's determination could otherwise be gleaned from the record, they have effectively been overruled by Maddox and Thomas.[1]
Mr. Jelks was charged with sexual battery for events occurring in February 1997. In September 1998, he pleaded nolo contendere to the charge and received a downward departure sentence of two years' community control, followed by two years' probation. A few weeks later, a probation officer filed an affidavit of violation of community control and probation alleging that Mr. Jelks had changed his residence without the officer's consent in violation of condition 3, had failed to properly attend a sex offender treatment program in violation of condition 28, had not submitted to HIV testing in violation of condition 29, and had failed to obtain and pay for a DNA test in violation of condition 30. Mr. Jelks denied these allegations and an evidentiary hearing was held on May 14, 1999. At the conclusion of the hearing, the trial court expressly determined that Mr. Jelks had violated conditions 3 and 28, but declined to find an intentional violation of either condition 29 or 30. The trial court entered an order revoking "probation" and imposed a guidelines sentence of 102.4 months' imprisonment.[2]
*185 Mr. Jelks appealed, but the only issue raised in briefing was the failure of the revocation order to specify which conditions had been violated. Initially, following our pre-Maddox case law, we determined that we had jurisdiction and that the issue was cognizable on direct appeal.[3] However, almost simultaneously with the initial circulation of our prior opinion in this matter, the supreme court issued its opinion in Maddox. In Maddox, the supreme court suggested that errors concerning the contents of a revocation order which did not affect the sentence were no longer going to be considered fundamental errors cognizable on direct appeal in the absence of preservation.[4] This court requested rehearing to determine the impact of Maddox upon the existing case law concerning cases in which there was a written revocation order but the order itself was insufficient.
During this court's consideration on rehearing, the supreme court released its opinion in Thomas and in so doing came very close to addressing the issue with which we are concerned in the present case. See Thomas, 763 So.2d at 316. The error in Thomas involved a variance between the oral pronouncement and the written order. The trial court had orally pronounced that Thomas had violated one condition of probation while the written revocation order indicated that he had violated an additional seven conditions of probation. The supreme court explained that although the error in that case was a patent error, "because the error has no quantitative effect on the sentence, it is not so serious that it should be corrected on appeal as fundamental error." Thomas, 763 So.2d at 316. In the present case, Mr. Jelks' revocation order did not vary from the oral pronouncement, it simply failed to state any conditions which were deemed to have been violated.
The State argues that the inadequacy of the order revoking community control is neither a preserved nor a fundamental error which can be raised on direct appeal as a result of the Criminal Appeal Reform Act of 1996.[5] The State argues that Mr. Jelks is raising a sentencing error that was not presented to the trial court at the time of sentencing or subsequent to the time of sentencing pursuant to Florida Rule of Criminal Procedure 3.800(b). A footnote in the supreme court's decision in Thomas supports the State's argument. See Thomas, 763 So.2d at 316, n. 1. Certainly, to the extent that this type of error can be classified as a scrivener's error, it is now clear that a defendant or the State can seek to correct the error by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b).[6] The remaining consideration, *186 then, is whether omissions such as those in Mr. Jelks' revocation order rise to the level of fundamental error so that they can be considered in the absence of preservation. We conclude that they do not.[7]
We recognize that we have no jurisdiction to review an order revoking or modifying probation or community control until that order is rendered. See Fla. R.App. P. 9.140(b)(1)(C). Thus, before we can review a trial court's determination that there has been a willful and substantial violation of the conditions of probation or community control, the trial court must sign and file a written order of revocation. See Fla. R.App. P. 9.020(h).[8] Once an order has been rendered, however, we have jurisdiction and will review that ruling to determine whether the order contains any harmful, reversible error.
We hold that the omission of the violations in Mr. Jelks' revocation order was not a fundamental error where the record otherwise establishes the violations that caused the trial court to revoke Mr. Jelks' community control and the error had no quantitative effect on his sentence.
Affirmed.
PARKER, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] This court has issued numerous opinions reversing trial courts or remanding a case to the trial court due to errors involving orders of revocation. We have not always explained whether the order was non-existent or merely defective. The supreme court's decisions in Maddox v. State, 760 So.2d 89 (Fla.2000), and Thomas v. State, 763 So.2d 316 (Fla.2000), affect only precedent involving defective orders. See, e.g., Campbell v. State, 526 So.2d 209 (Fla. 2d DCA 1988); Segarra v. State, 530 So.2d 492 (Fla. 2d DCA 1988); Coley v. State, 479 So.2d 277 (Fla. 2d DCA 1985). We note that unusual sentencing documents may still raise jurisdictional concerns. See Monroe v. State, 760 So.2d 289 (Fla. 2d DCA 2000). See also Grantham v. State, 735 So.2d 525 (Fla. 2d DCA 1999); Donley v. State, 557 So.2d 943 (Fla. 2d DCA 1990).
[2] We note that the record in this case contains a level of disarray that is all too typical for appeals of sentences imposed on violation of probation or community control. Although Mr. Jelks was still serving community control at the time of these violations, the affidavit refers to violations of conditions of probation. The order of revocation is a standard form entitled "Plea/Disposition on Violation of Probation" that purports to revoke probation based on an admission by the defendant even though Mr. Jelks clearly denied the violations. The sentence of imprisonment recites that it was imposed on a revocation of probation rather than community control. The record would obviously give an appellate court more comfort without these oversights, but none of these unpreserved issues result in any harmful error in this case.
[3] Our prior opinion, Jelks v. State, 25 Fla. L. Weekly D1277 (Fla. 2d DCA May 24, 2000), was withdrawn and this opinion substituted in its place.
[4] Specifically in Maddox, 760 So.2d 89, the supreme court foreshadowed the outcome of an appeal then pending before it, Thomas v. State, 725 So.2d 1148 (Fla. 2d DCA 1998), in which this court had determined that Mr. Thomas was precluded from raising the issue concerning the correction of his revocation order where he failed to seek correction of a "scrivener's error" in the trial court and the error was not fundamental. The supreme court indicated that it was approving this court's opinion in Thomas "even though the written order was at variance with the oral pronouncement, where the error had no effect on the sentence imposed." Maddox, 760 So.2d at 104.
[5] See § 924.051, Fla. Stat. (Supp.1996).
[6] Implicit in the supreme court's decision in Thomas, 763 So.2d 316, is a recognition that an order revoking probation or community control is a portion of a sentence that can be corrected pursuant to Florida Rule of Criminal Procedure 3.800(b).
[7] We caution that a revocation order which included conditions that the trial court did not actually determine to have been violated might conceivably result in fundamental error that could be corrected on appeal if the improperly included conditions had a quantitative effect on the sentence.
[8] The forms contained in Florida Rule of Criminal Procedure 3.986 do not contain a standard order for use on a revocation or modification of probation. We would suggest to the Florida Criminal Procedure Rules Committee of The Florida Bar that such a form might be helpful to bench and bar.