PER CURIAM.
Joyce Smith challenges the trial court’s order revoking her community control. We conclude that the evidence was sufficient to support the trial court’s finding that Smith had violated her community control, and we affirm the revocation of community control. However, the trial court’s written order of revocation does not conform to its oral pronouncement, so we remand this case to the trial court for correction of the written order.
At Smith’s revocation hearing, the trial court granted Smith’s motion for judgment of acquittal as to the alleged violations of condition (9) concerning Smith’s alleged failure to appear for her required drug testing and condition (5) concerning Smith’s alleged failure to live free of violations of the law. However, the trial court’s written order of revocation states that Smith has violated the conditions of supervision “as alleged in the Affidavit of Violation of Community Control dated 6-22-99.” Because the affidavit referenced in the order includes the allegations concerning violations of conditions (9) and (5) on which judgment of acquittal was granted, the written order does not conform to the trial court’s oral pronouncement. Therefore, we must remand for correction of the written order.[1]
We affirm the revocation of Smith’s community control, but remand to the trial court for correction of the written order of revocation.
PARKER, A.C.J., and GREEN and STRINGER, JJ., concur.

. We recognize that Thomas v. State, 763 So.2d 316 (Fla.2000), and Jelks v. State, 770 So.2d 183 (Fla. 2d DCA 2000), have held that an insufficient order revoking probation or community control does not constitute fundamental error that can be corrected on direct appeal. In those cases, the defendant had the opportunity to correct the error in the trial court under Florida Rule of Criminal Procedure 3.800(b) but did not, choosing instead to attack the order in the appeal. In this case, however, Smith did not have an opportunity to correct the error in the trial court because the trial court did not enter a written revocation order until this court relinquished jurisdiction during the pendency of this appeal for that specific purpose. Because of the lack of a written revocation order until after this appeal had been perfected, Smith could not proceed in the trial court under rule 3.800(b)(1) or (b)(2). Therefore, rather than waste judicial resources by requiring Smith to file a rule 3.800 motion in the trial court now to correct this patent sentencing error, we simply direct the trial court to correct the written order.