778 So.2d 390 (2001)
Robert Earl GAMMON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4340.
District Court of Appeal of Florida, Second District.
January 19, 2001.
*391 James Marion Moorman, Public Defender, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Robert Earl Gammon has appealed the order revoking his probation. His primary contentions are that the only evidence adduced was hearsay and that hearsay cannot form the exclusive foundation for a revocation order. Mr. Gammon further argues that the court's written order erroneously found him in violation of a condition in contravention of the court's oral findings. We affirm.
Mr. Gammon's probation officer filed an amended affidavit of violation of probation stating that Mr. Gammon had violated condition 3 by moving without permission, condition 7 by using drugs, and condition 5 by committing four new offenses. The evidentiary basis for the court's finding that Mr. Gammon violated conditions 3 and 7 consisted of the probation officer's testimony, which Mr. Gammon challenged as purely hearsay. If the court had grounded its findings exclusively on inadmissible hearsay, it would have abused its discretion in revoking the defendant's probation. See Young v. State, 739 So.2d 635 (Fla. 2d DCA 1999); Colina v. State, 629 So.2d 274 (Fla. 2d DCA 1993). In this case, however, the testimony consisted of two types of hearsay. First, the probation officer stated that Mr. Gammon's landlord told her that he had left his approved residence, which was a violation of condition 3, and, furthermore, that she had received a lab report testing Mr. Gammon positive for drug use, which was a violation of condition 7. A second and important source of evidence, however, was the defendant's statement to the probation officer that he had gone to North Carolina *392 and that he had been shooting cocaine. As he made the statement about cocaine use, Mr. Gammon pointed to his arm. Thus, the probation officer's testimony consisted of pure hearsay (the landlord's statement and the drug test report) and also of hearsay that is an exception to the hearsay rule (the defendant's admissions). As Judge Klein of the Fourth District Court of Appeal explained, this combination of evidence can be sufficient for finding that a defendant has violated probation:
Although probation cannot be revoked based only on hearsay evidence which would be inadmissible at a criminal trial, revocation can be grounded on that type of evidence and evidence which is admissible as an exception to the hearsay rule. The question is not ... whether all of the evidence is generally defined as hearsay, but rather whether there is some evidence to support revocation which would be admissible at a criminal trial. Because the officer's testimony as to appellant's excuse (which conflicted with appellant's testimony at the hearing) would have been admissible at trial, there was sufficient evidence to revoke.
Thomas v. State, 711 So.2d 96, 97 (Fla. 4th DCA 1998) (citations omitted).
The situation in this case is similar to that in Thomas. Mr. Gammon allegedly told his probation officer that he had used drugs and that he had gone to North Carolina. At the revocation hearing he denied making those statements, which would have been admissible in a criminal trial as admissions pursuant to section 90.803(18)(a), Florida Statutes (1999). The trial judge was charged with evaluating credibility, and he obviously believed the probation officer and not the defendant.
As to the violation of condition 3, Mr. Gammon claimed that the State never specifically proved that he had moved from his approved residence without permission. The amended affidavit alleged, however, that Mr. Gammon moved from his approved address (as attested to by his landlord) and was considered an absconder. Combined with the defendant's admission that he had gone to North Carolina, this evidence was sufficient to create a strong inference that he had moved without permission. Because probation violations need be proven by only a preponderance of the evidence, see Roseboro v. State, 528 So.2d 499 (Fla. 2d DCA 1988), the evidence was sufficient for the court to find a violation of condition 3.
We note in closing that the revocation order cites four violations of condition 5 as a basis for revocation. At the hearing the trial judge stated that he was making no findings concerning the arrests on other charges, but the clerk mistakenly included condition 5 in the revocation order. Mr. Gammon never attempted to have the trial court correct the document through a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). Although we recognize this as a patent error, it is not a serious or fundamental error, and we are powerless to order the court to strike references to that condition from the order. See Thomas v. State, 763 So.2d 316 (Fla. 2000); Maddox v. State, 760 So.2d 89 (Fla. 2000).
Affirmed.
FULMER, A.C.J., and STRINGER, J., concur.