786 So.2d 1257 (2001)
Marcus Vernell BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2112.
District Court of Appeal of Florida, Fifth District.
June 15, 2001.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
*1258 Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Marcus Brown appeals his sentence, arguing that the trial court erred in failing to conform its written sentencing order to its oral pronouncement. We agree and therefore remand this matter to the trial court so that a corrected sentencing order can be entered.[1]
Brown was originally sentenced under the 1995 sentencing guidelines to a term of 120 months incarceration. When the 1995 sentencing guidelines were subsequently ruled invalid, Brown was granted a resentencing hearing. At the hearing, Brown was resentenced under the 1994 sentencing guidelines to a term of 117 months incarceration, and granted credit for the time he had already served. The transcript of the hearing reflects that the trial court ordered that Brown's re-sentencing was effective nunc pro tunc to the date of the original sentencing hearing; however, the written sentencing order fails to reflect the nunc pro tunc language.
It is well established that, where a written order does not conform to the trial court's oral pronouncement, the oral pronouncement controls. See Arnold v. State, 754 So.2d 149, 150 (Fla. 2d DCA 2000). Accord Lesesne v. State, 706 So.2d 137 (Fla. 5th DCA 1998). Since the record demonstrates that the trial court pronounced at the re-sentencing hearing that the defendant's sentence was to run nunc pro tunc to the date the original sentence was entered, we remand this matter to the trial court with instructions to correct the sentencing order to reflect the court's oral pronouncement.
Sentence VACATED and cause REMANDED for entry of a corrected sentencing order.
COBB and HARRIS, JJ., concur.
NOTES
[1] Brown attempted to raise his claim of sentencing error to the trial court by filing a motion pursuant to rule 3.800(b) of the Florida Rules of Criminal Procedure while the instant appeal was pending; however, the trial court failed to rule thereon.