PER CURIAM.
Appellant, Timothy S. Hedgespeth, challenges the revocation of his community control. We conclude that the trial court revoked his community control based entirely on hearsay evidence. We reverse.
Mr. Hedgespeth was on community control with a special condition that he enter into and complete a residential drug therapy treatment program known as the Avon Park Program. The State filed an affidavit alleging that he violated the special condition by failing to complete that program.
At the revocation hearing only Ron Land, clinical director for the Florida Center at Avon Park, testified. He stated that as a result of confrontations with other participants, Mr. Hedgespeth was placed on a behavioral contract. Under the contract Mr. Hedgespeth agreed to discontinue his behavioral problems; if he failed to do so, he would be discharged from the program. Mr. Hedgespeth was subsequently discharged two weeks before completing the nine-week program because staff members reported he had been in another verbal confrontation. Mr. Land testified that he had never personally observed any arguments or confrontations between Mr. Hedgespeth and other program participants but that he had been informed about them by staff members or other program participants. Mr. Hedges-peth denied having confrontations after he entered into the contract, although he acknowledged some “one-on-ones” with his counselor as a result of minor rules violations, such as being late or sitting on his bed, but he testified there were no verbal abuses.
In addition to Mr. Land’s testimony, the State presented a violation report form indicating that Mr. Hedgespeth had been discharged before completing the program and an affidavit stating, “Mr. Hedgespeth was terminated by the staff for rules violations.”
In order for the trial court to revoke community control or probation because of a defendant’s failure to successfully complete a designated treatment program, the State must establish that a defendant’s failure was willful and substantial. Jones v. State, 744 So.2d 537 (Fla. 2d DCA 1999). We have frequently pointed out that while hearsay evidence is admissible at a revocation hearing, a revocation of community control or probation cannot be based solely on hearsay evidence. See, e.g., Gammon v. State, 778 So.2d 390 (Fla. 2d DCA 2001). Here the State did not present any nonhearsay evidence that Mr. Hedgespeth argued or acted confrontationally after he signed the behavioral contract; thus the State failed to establish that he violated the special condition of his community control program.
Accordingly, we reverse the trial court’s order revoking Mr. Hedgespeth’s community control and remand with directions to the trial court to reinstate his community control.
PATTERSON, C.J., and PARKER and CASANUEVA, JJ., Concur.