898 So.2d 209 (2005)
Eddie James JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1285.
District Court of Appeal of Florida, Second District.
March 11, 2005.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Eddie James Jones challenges the trial court's failure to rule on the motion he filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), in which he asked the trial court to enter written findings specifying the particular conditions of probation that he was found to have violated. He claims that the trial court's failure to rule on his motion within sixty days constitutes a denial and is in error. We agree and, accordingly, reverse and remand for further proceedings.
The trial court revoked Jones' probation, orally finding that he had violated conditions 1, 9, and 12 of his probation. However, in its written revocation order, the trial court erred in failing to specify the particular conditions that Jones was found to have violated. See Jelks v. State, 770 So.2d 183 (Fla. 2d DCA 2000). Jones properly preserved this error by filing a motion to correct sentence pursuant to rule 3.800(b)(2) on July 26, 2004. See Gammon v. State, 778 So.2d 390, 392 (Fla. 2d DCA 2001); Smith v. State, 780 So.2d 166, 167 n. 1 (Fla. 2d DCA 2001); Jelks, 770 So.2d at 185; see also Thomas v. State, 763 So.2d 316, 316 n. 1 (Fla.2000). In that motion, he asked the trial court to enter *210 such findings in writing. However, the trial court never ruled on his motion.
Rule 3.800(b)(2) provides that a motion filed pursuant to that rule is deemed denied if the court fails to rule on it within sixty days. Therefore, the trial court's failure to rule on Jones' motion by September 26, 2004, constituted a denial of his motion. On October 4, 2004, the Lee County deputy clerk confirmed the absence of such an order by filing a certificate of nonexistence stating that she had examined the files in the case and had failed to find any written order ruling on Jones' July 26, 2004, motion to correct sentencing error.
Because it was error to fail to enter proper written findings specifying which conditions of probation Jones was found to have violated and because Jones preserved this error by filing a rule 3.800(b)(2) motion to correct sentencing error in which he asked the court to enter the requisite written findings, we reverse and remand to the trial court with directions to enter such written findings.
Reversed and remanded.
KELLY and CANADY, JJ., Concur.