LaROSE, Judge.
Antwan Brown appeals his convictions and sentences for armed burglary and third-degree grand theft. The trial court sentenced him as a Prison Releasee Reof-fender to thirty years in prison for the burglary, five years in prison for the grand theft, and fourteen years in prison for various probation violations, all sentences to run concurrently. Mr. Brown’s arguments on appeal are meritless. Accordingly, we affirm.
Mr. Brown first contends that the State failed to present sufficient evidence that the stolen items — a knife and some jewelry — exceeded the threshold $100 in value necessary to constitute grand theft from a dwelling. See § 812.014(2)(d), Fla. Stat. (2005). He claims that the only value evidence was the testimony of the victim’s wife that two stolen rings were worth “like a hundred dollars.” Mr. Brown ignores the victim’s testimony that the rings were each worth $50, a stolen watch was worth $100, and the stolen knife was worth $20. These amounts total $220. Mr. Brown’s argument on this point cannot withstand scrutiny.
Mr. Brown argues next that the trial court erred in denying his motion for a new trial after allowing the jury to examine rings that the victim brought to trial, despite the fact that they were not the stolen rings. Mr. Brown mischaracterizes the record. During deliberations, the jury members sent a note stating that they did not think the rings they saw at trial were the rings shown in photographs entered into evidence. The jury asked what evidence they should consider. After consulting with counsel, the trial court instructed the jury to consider only the photographs, which both sides stipulated showed jewelry found in Mr. Brown’s pockets upon his arrest. The record belies Mr. Brown’s claim that he and the State agreed that the photographs did not show the actual stolen items.
Finally, Mr. Brown argues that the trial court erred in denying his motion for a judgment of acquittal for armed burglary. According to Mr. Brown, the State’s evidence showed that the alleged weapon was a pocket knife. This argument, too, is disingenuous. The knife, and pictures of it, were admitted into evidence. It is a dagger or dirk with an approximate four-inch fixed blade. Clearly, it is not a pocket knife. See State v. Walthour, 876 So.2d 594, 597 (Fla. 5th DCA 2004).
Although we are reluctant to conclude that Mr. Brown deliberately misrepresented the record, we can say that he has ignored, discounted, or distorted the evidence and testimony presented to the jury and trial court. Our careful review of the record reflects no trial court error. We affirm Mr. Brown’s convictions and sentences. Moreover, we take this opportunity to remind parties and counsel who appear before us to present the facts and law in an accurate and forthright manner. See Boca Burger, Inc. v. Forum, 912 So.2d 561, 571 (Fla.2005); Hays v. Johnson, 566 So.2d 260, 261 (Fla. 5th DCA 1990).
Affirmed.
ALTENBERND and NORTHCUTT, JJ., Concur.