974 So.2d 415 (2007)
George W. PARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3080.
District Court of Appeal of Florida, Fifth District.
July 20, 2007.
Rehearing Denied July 20, 2007.
James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
TORPY, J.
After this court affirmed without opinion Appellant's challenge to his violation of probation conviction, Appellant now seeks rehearing on one pointwhether the conflict between the trial court's oral pronouncement and the written order can be addressed on direct review when the error was not first presented to the trial court by a contemporaneous objection or rule 3.800(b) motion.[1] We deny the motion for rehearing but write to address Appellant's contention that our decision in this case conflicts with two recent panel decisions of this Court.[2]
*416 After hearing on Appellant's violation of probation charge, the trial court orally ruled that Appellant had violated condition (8) of his probation. However, the written order makes a finding that Appellant violated both conditions (8) and (10). Under these circumstances, had Appellant notified the trial court of the error, the oral pronouncement would control and the written order should have been corrected to conform to the oral ruling. Appellant never raised this issue with the trial court, however.
Thus, in its answer brief, the State asserted that this issue was not preserved for appellate review. Although Appellant acknowledged that he did not direct this error to the attention of the trial judge by a contemporaneous objection or by filing a rule 3.800(b) motion, he contended in his reply brief (without citation to any legal authority) that direct review is available nevertheless. Neither party favored us with a citation to the controlling authority on this point, but our research reveals that this exact issue was settled many years ago in Thomas v. State, 763 So.2d 316 (Fla.2000).[3] Based on Thomas, we are powerless to correct this patent error in the face of the State's preservation objection.
Insofar as our recent panel decisions are concerned, neither is in tension with our disposition in this case. In each of those cases, as the opinions expressly state, the State conceded error. Whether the confessions of error were made because the error was properly preserved, because the State mistakenly overlooked the issue, or because the State consciously decided to waive the issue in the interest of judicial economy cannot be determined from the opinions. What can be determined is that preservation was not an impediment in either case.
REHEARING DENIED.
LAWSON and EVANDER, JJ., concur.
NOTES
[1] Appellant also sought rehearing en banc, which has been denied by separate order.
[2] Bitter v. State, 958 So.2d 1029 (Fla. 5th DCA 2007); Knight v. State, 954 So.2d 1266 (Fla. 5th DCA 2007). Knight relied upon our decision in Brown v. State, 786 So.2d 1257 (Fla. 5th DCA 2001), in which the error had been preserved by a rule 3.800(b) motion. Brown, 786 So.2d at 1258 n. 1.
[3] In addition to Thomas, there are several other cases on all fours but none were cited to us by either party. See, e.g., Evert v. State, 947 So.2d 662 (Fla. 2d DCA 2007); Ballester v. State, 779 So.2d 624 (Fla. 2d DCA 2001); Gammon v. State, 778 So.2d 390 (Fla. 2d DCA 2001). We assume that this was an oversight and admonish counsel for both parties to be more thorough with their research. It is counsel's responsibility to advise the court of available precedent on a legal point, especially when controlling precedent exists.