LAWSON, J.
Carl Bradley Moore raises three issues challenging his convictions and sentences imposed after he entered open pleas to the bench to charges of false imprisonment of a child under age thirteen,[1] lewd or lascivious molestation,[2] and battery.[3] First, Moore argues that his convictions for both false imprisonment and molestation violate double jeopardy under the facts of this case. Second, he argues that his written sentences are inconsistent with the oral pronouncement, and are, therefore, invalid. Finally, he argues that his convictions must be set aside because the trial court did not have a sufficient factual basis to accept his pleas. We affirm the judgments and sentences, addressing each argument in turn.
Issue I — Double Jeopardy
1. Relationship between false imprisonment and molestation charges.
Section 787.02(l)(a), Florida Statutes (2005), defines “false imprisonment” to mean “forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without authority and against her or his will.” Simple false imprisonment is a third degree felony. See § 787.02(2) Fla. Stat. None of the basic elements of false imprisonment are repeated in section 800.04(5)(c)2, which defines lewd and lascivious molestation. However, subsection (3)(a) of the false imprisonment statute provides that a person who falsely imprisons a child under the age of thirteen, and who, during the course of committing the false imprisonment, also commits any of a number of enumerated crimes on the child, commits a first degree felony punishable by life. Molestation is one of the crimes enumerated in subsection (3)(a).
In this case, Moore pled to both the lewd and lascivious molestation of his twelve-year-old victim, and to a false imprisonment during which he committed one of the enumerated felonies — the molestation.[4] Moore is correct in his assertion that each element of the crime of *993 molestation, to which he pled, is also included within the false imprisonment charge to which he pled. However, Moore’s assertion that his two convictions violate double jeopardy is incorrect in light of an express statement of intent by the Legislature, in section 787.02(3)(b), Florida Statutes, that “separate judgments and sentences” be permitted for the first degree offense of false imprisonment of a child under age thirteen, and for any enumerated offense that the state must prove to establish a first degree false imprisonment.[5]
2. Double Jeopardy Analysis.
 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits “any person” from being “twice put in jeopardy of life or limb” for the same offense. U.S. Const. Amend. V. Florida’s constitution contains a similar prohibition. See Art. I, § 9, Fla. Const. The Fifth Amendment guarantee against double jeopardy consists of three separate constitutional protections: “It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.” North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other groitnds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). With respect to multiple punishments imposed for the same conduct in a single prosecution, “the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.” Missouri v. Hunter, 459 U.S. 359, 366, 103 5.Ct. 673, 74 L.Ed.2d 535 (1983). Consequently, “[t]he prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature ‘intended to authorize separate punishments for the two crimes.’ ” State v. Paul, 934 So.2d 1167, 1171-1172 (Fla.2006) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). “Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the ‘same’ conduct under Blockburger [v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ][6] a court’s task of statutory construction is at an end and the *994 prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.” State v. Barritt, 531 So.2d 338, 341 (Fla.1988) (citations omitted).
Based upon our conclusion that section 787.02(3)(b), Florida Statutes, is an explicit statement of legislative intent to authorize separate punishments for both false imprisonment of a child under age thirteen and for lewd and lascivious molestation, arising from the same criminal episode, we find no double jeopardy violation.
Issue II — Oral Pronouncement Of Sentences
In accepting Moore’s open pleas to the bench, the trial judge reiterated to Moore that he faced up to life in prison on the false imprisonment count, which Moore acknowledged that he understood. The court also accurately and separately described the penalties for each of the other crimes charged. After hearing testimony and argument from both sides at a separate sentencing hearing, the trial judge sentenced Moore “to spend the rest of your life in prison.” The judge did not orally pronounce any sentence except the life sentence. He then entered written sentences of life on the false imprisonment count, fifteen years on the molestation count, and time served on the misdemean- or count. The written sentencing documents order that all sentences run concurrently.
Moore did not object to the trial court’s failure to orally pronounce any sentence other than the life sentence, but did file a motion requesting that the judge reduce his sentence. The court granted a hearing on the motion, and heard from Moore again, giving him an unlimited amount of time to present additional evidence and argument in support of a reduced sentence. In what can only be described as a thorough, kind and patient manner, the trial judge then explained to Moore why he had imposed a life sentence. The judge concluded his remarks, directed to Moore, as follows: “[Tjhose are all matters that I’ve considered, and I cannot in good conscience reduce the originally imposed sentence. I’m sorry.”
Again, Moore did not object to the court’s failure to orally pronounce the fifteen-year or misdemeanor sentences, either at the hearing on Moore’s motion for sentence reduction or in a motion to correct sentencing .error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
As a general rule, a trial judge must both orally pronounce sentence and then enter a written sentence that conforms to the oral pronouncement. See generally, 15 Fla. Jur.2d. Criminal Law § 2235 (2007). We find no violation of either requirement with respect to the life sentence imposed here. It is abundantly clear from the record that all parties accurately understood the potential penalties for each of the crimes to which Moore pled. The trial court orally pronounced a life sentence, which could only apply to the false imprisonment count. And, the written sentencing documents accurately reflect the life sentence with respect to this charge. Therefore, Moore is entitled to no relief as to this issue, at least with respect to his life sentence for false imprisonment.
With respect to the other charges, we believe that Moore would be entitled to relief if he had preserved the issue below. However, a defendant who pleads guilty or nolo contendere is barfed from challenging an unpreserved sentencing error on direct appeal. See, e.g., Parris v. State, 32 Fla. L. Weekly D1742, - So.2d -, 2007 WL 2065889 (Fla. 5th DCA July 20, 2007); Fla. R.App. Proc. 9.140(2)(A)(ii)d. Because Moore did not object to the trial judge’s failure to orally pronounce anything but a life sentence below, or preserve *995 this issue for review by filing a motion to correct sentencing error, he is not entitled to relief on direct appeal with respect to the molestation or battery charges. Id.
Issue III — Factual Basis For Plea
At the plea hearing, the trial judge took judicial notice of “the facts and matters that came and were placed before the Court at the bond hearing,” and stated that he believed these facts would provide “a factual basis for the acceptance of a plea here today.” Moore never objected to the factual basis relied upon by the court during the plea or sentencing hearing, or moved to withdraw his plea. A defendant who does not object to the adequacy of the factual basis relied upon in accepting a plea waives the issue on appeal. E.g., Binder v. State, 853 So.2d 537 (Fla. 5th DCA 2003).[7] Therefore, Moore is not entitled to relief with respect to his third and final claim either.
For the reasons set forth above, we AFFIRM the judgments and sentences in all respects.
PALMER, C.J., and PLEUS, J., concur.

. § 787.02(3)(a), Fla. Stat. (2005).

. § 800.04(5)(c)2, Fla. Stat. (2005).

.§ 784.03, Fla. Stat. (2005).

. Moore trapped the victim in a hotel elevator, where he molested her.

. The exact wording of section 787.02(3)(b), Florida Statutes, is as follows: "Pursuant to § 775.021(4), nothing contained herein shall be construed to prohibit the imposition of separate judgments and sentences for the first degree offense described in paragraph (a) and for each separate offense enumerated in sub-paragraphs (a) 1.-5.” We believe that the Legislature intended to state that nothing contained in section 775.021(4) shall be construed to prohibit the imposition of separate judgments and sentences for first degree false imprisonment and for each offense enumerated in subparagraphs (a) 1.-5. We also acknowledge that this expression of legislative intent would have been clearer if written in positive language, slating that separate judgments and sentences "shall” or "may” be imposed for first degree false imprisonment and for each enumerated offense. Despite the poor drafting, however, we can discern no reason for the Legislature to have included this language except as an expression of legislative intent that separate judgments and sentences be permitted for these crimes. And, we see no other rational way to read subsection (3)(b).

. In Blockburger, the United States Supreme Court created a test for use in determining whether multiple punishments for the same conduct violate double jeopardy ("absent an explicit statement of legislative intent to authorize separate punishments for two crimes)....” Paul, 934 So.2d at 1172 (quoting Gaber v. State, 684 So.2d 189, 192 (Fla.1996)). In Florida, the Blockburger test has been codified in section 775.021, Florida Statutes.

. We note that even if a timely objection had been made, any defect in the factual basis could have been readily cured by reference to the facts alleged in the sworn charging affidavit contained within the court file. The charging affidavit provides a sufficient factual basis to support each of Moore's pleas.