976 So.2d 668 (2008)
Alan B. HEPFER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3069.
District Court of Appeal of Florida, Second District.
March 19, 2008.
*669 James Marion Moorman, Public Defender, and Robert F. Moeller, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph Lee, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Alan B. Hepfer, Jr., appeals his convictions and sentences for two counts of attempted second-degree murder with discharge of a firearm, burglary of a structure while armed (designated as count III), grand theft, and use of a firearm in the commission of a felony (designated as count V). We reverse the conviction and sentence for count V and remand for the trial court to correct errors contained in the written judgment with respect to count III. We affirm in all other respects.
At a bench trial, the State established that Hepfer and a friend had burglarized a day-care center and then left. Police officers responded to the burglary scene and investigated for over an hour. Hepfer and his friend returned to the scene while the officers were still there. One officer observed Hepfer with a gun and ordered him to drop it. Hepfer and his friend fled, and the officer pursued them toward a wooded area. Hepfer shot at the officer, and then when another officer arrived, Hepfer fired another shot.
At the conclusion of the trial, the trial court found Hepfer guilty of the two attempted *670 murders with discharge of a firearm and grand theft. The court also found Hepfer guilty of burglary of a structure but concluded that the State failed to establish beyond a reasonable doubt that Hepfer was armed when he committed the burglary. Finally, the court did not find Hepfer guilty of count V, the separate charge of use of a firearm in the commission of a felony. The written judgment and sentences are inconsistent with the trial court's pronouncements as they reflect a conviction for first-degree burglary of a structure while armed pursuant to section 810.02(2)(b), Florida Statutes (2002), as to count III and a conviction and sentence as to count V concerning the firearm.
Although Hepfer filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), the trial court failed to rule on the motion within sixty days. Thus, the motion is deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B); Jones v. State, 898 So.2d 209, 210 (Fla. 2d DCA 2005). The State properly concedes that the written judgment and sentences do not conform to the trial court's oral pronouncement. See Driver v. State, 710 So.2d 652, 653 (Fla. 2d DCA 1998) ("When a written order does not conform to the trial court's oral pronouncement, the oral pronouncement controls."). Accordingly, we reverse the conviction on count V and remand for the trial court to enter a corrected judgment and sentence eliminating that count. On remand, the trial court shall also correct the judgment by changing Hepfer's conviction with respect to count III from "First Degree Burglary While Armed," "Punishable by Life" to third-degree burglary of a structure. The court shall correct the statute cited in support of the burglary conviction from section 810.02(2)(b) to section 810.02(4)(a). The sentence remains unchanged as to the burglary conviction because the trial court pronounced a sentence of five years' imprisonment and the written sentence conforms to the oral pronouncement.
Affirmed in part, reversed in part, and remanded.
CANADY and WALLACE, JJ., Concur.