PER CURIAM.
Charles A. Brown appeals from an order finding that he violated his sex offender probation. As Mr. Brown correctly asserts, the trial court orally ruled that he violated conditions 8, 7 and 16 of this probation; however, the written order makes an additional finding that Mr. Brown violated condition 5. Had Mr. Brown, or more accurately, his attorney, informed the trial court of the error, either at sentencing or by filing a timely motion under Florida Rule of Criminal Procedure 3.800(b), he would be entitled to relief as the oral pronouncement would control and the written order would have been corrected to conform to the oral ruling. However, Mr. Brown never raised this issue with the trial court, and the error is unpre-served.
Neither Mr. Brown nor the State discuss preservation of this issue in their respective briefs. This issue of law was settled more than a decade ago in Thomas v. State, 763 So.2d 316 (Fla.2000), which held that an appellate court is powerless to correct even a patent error in a written sentencing order that has no quantitative effect on a defendant’s sentence. We reiterated that holding in Parris v. State, 974 So.2d 415 (Fla. 5th DCA 2007). Notably, Mr. Brown’s counsel also represented Mr. Parris. In Parris, we admonished counsel for both parties to be more thorough in their research as both overlooked Thomas, reminding them of their responsibility to advise the court of controlling precedent. 974 So.2d at 415 n. 3. Despite that admonishment to the same attorney that represents Mr. Brown, we again find that controlling precedent, indeed the identical precedent, has not been cited to us. To say the least, this is disappointing and again calls into question the thoroughness of counsel’s research.
AFFIRMED.
ORFINGER, C.J., GRIFFIN and EVANDER, JJ., concur.