NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ARTHUR A. GENOVESE, DOC #Y09175,    )
                                    )
      Appellant,                    )
                                    )
v.                                  )    Case No. 2D15-4892
                                    )
STATE OF FLORIDA,                   )
                                    )
      Appellee.                     )
_____)

Opinion filed May 26, 2017.

Appeal from the Circuit Court for Charlotte
County; George C. Richards, Judge.

Arthur A. Genovese, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, Assistant Attorney General,
Tampa, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

        Arthur A. Genovese appeals the revocation of his probation and resulting

sentence.  We affirm the revocation of probation and sentence without further comment

but remand for the circuit court to correct a scrivener's error in the written order of

revocation.

After the parties fully briefed this appeal, this court, in an unpublished order, relinquished jurisdiction for the circuit court to enter a signed, written order of revocation. See Greene v. State, 919 So. 2d 684, 685 (Fla. 2d DCA 2006) (explaining that we will relinquish jurisdiction for circuit court to enter order of revocation when necessary to perfect our jurisdiction). The order that the circuit court subsequently entered indicates that Genovese violated condition 5 of his probation three times, as alleged in the violation affidavit, but indicates further that, at the September 29, 2015, violation hearing, Genovese also "was found in willful and substantial violation of condition (09) . . . as stated in the affidavit." At that hearing, however, the trial court explicitly stated that the State proved that Genovese had thrice violated condition 5 but failed to prove that he had violated condition 17—a violation of condition 9 had not even been alleged in the violation affidavit. Thus, the discrepancy between the written order and the court's oral pronouncement at the hearing is clearly the result of a scrivener's error in the written order.[1]

Generally, this type of scrivener's error does not constitute fundamental error that should be corrected on appeal unless the defendant has preserved the issue for review by first seeking relief in the circuit court via a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). See Thomas v. State, 763 So. 2d 316, 316 n.1 (Fla. 2000). But because the issue in this case arose while the appeal was already pending

_____

[1]Whenever such a discrepancy arises, the oral pronouncement governs over the written order. Turner v. State, 873 So. 2d 480, 481 (Fla. 2d DCA 2004) ("A written order of revocation of probation must conform with the trial court's oral pronouncement.").

and only after it had been fully briefed, Genovese was foreclosed from seeking relief under either rule 3.800(b)(1) or rule 3.800(b)(2).

Given this atypical procedural posture, we remand for the circuit court to enter an amended written order of revocation that conforms to its oral pronouncement at the September 29, 2015, hearing. See Smith v. State, 780 So. 2d 166, 167 n.1 (Fla. 2d DCA 2001).

Affirmed; remanded with directions.

CASANUEVA and BLACK, JJ., Concur.