# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0373
Lower Tribunal No. 20-290-A-K
_____

**Mark Bucher,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Monroe County, Mark Wilson, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before LINDSEY, HENDON, and MILLER, JJ.

PER CURIAM.

Appellant, Mark Bucher, challenges the revocation of his probation and resulting sentence for the underlying crime of aggravated battery. On appeal, Bucher contends the written order rendered below failed to conform with the oral pronouncement of the trial court. Because this ground has been raised before us in the first instance, we affirm without prejudice to the filing of a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). See Smith v. State, 306 So. 3d 1147, 1148 (Fla. 3d DCA 2020) (holding defendant was required to preserve discrepancy between oral pronouncement and written order "either by contemporaneous objection to the written revocation order, or by filing a motion to correct sentence pursuant to [rule] 3.800(b)"); see also Thomas v. State, 763 So. 2d 316, 316 (Fla. 2000) (approving district court decision characterizing conflict between oral pronouncement and written order "as a 'scrivener's error' that did not constitute fundamental error correctable on direct appeal absent preservation" and could be corrected by filing rule 3.800(b) motion); Parris v. State, 974 So. 2d 415, 415–16 (Fla. 5th DCA 2007) (concluding appellant failed to preserve issue regarding conflict between trial court's oral pronouncement and written order, as issue was not first presented to trial court by contemporaneous objection or rule 3.800(b) motion); Jelks v. State, 770 So. 2d 183, 185 (Fla. 2d DCA 2000) ("[T]o the extent that this type of

error can be classified as a scrivener's error, it is now clear that a defendant or the State can seek to correct the error by filing a motion pursuant to [rule] 3.800(b).").

Affirmed.