PER CURIAM.
Defendant appeals his conviction for trespass with a firearm and battery. We affirm.
The factual setting involves three people: the defendant/former boyfriend who arrived at the home of his former girlfriend, Essie Cagle, only to discover that she was with another man, John Sczymanski. The jury concluded that the defendant, armed with a pistol, trespassed into the home of Ms. Cagle and committed a battery upon her. On appeal, the defendant asserts that since Ms. Cagle did not testify at trial, there is a critical void as to proof of non-consensual entry and thus, he claims, the trespass conviction must be set aside. We disagree.
Defendant’s legal contention is that his conviction for trespass with a firearm is dependent upon ambiguous circumstantial evidence which could just as easily support a finding of innocence. The record, however, reflects that the evidence, albeit circumstantial, is not equivocal; it permits but one reasonable inference: that the defendant entered the premises without Ms. Ca-gle’s consent.
The defendant testified that he was invited onto the premises by Ms. Cagle and that she, in turn, asked John Sczymanski to leave. Sczymanski, on the other hand, offered a totally different version of the night’s events. Thus, the jury was faced with a basic credibility question and, in accord with Standard Criminal Jury Instruction 2.13(e)4, “Impeachment — Some False Testimony,” the jury was well within its province to reject all of the defendant’s testimony. Moreover, we believe that the testimony about the defendant’s conduct immediately before and after his entry onto the premises ineluctably established an inference of non-consensual entry.
The time was somewhere around 10:00 p. m. John Sczymanski and Essie Cagle were inside the home; Lewis Firestone was outside. Sczymanski testified, “We were laying there and we heard a large or heavy banging on the doors .... [I]t wasn’t a knocking, it was like somebody hammering on the building with force.” Next there was the breaking of glass. This was followed by a brief, inaudible exchange between Essie Cagle and the defendant. Then, almost instantly, the defendant, followed by Cagle, entered the living room. He started toward Sczymanski and Ms. Ca-gle said, “ ‘Don’t’ or ‘No,’ or something. It was happening fast.” The defendant turned and hit Essie Cagle hard — so hard that her mother later described Essie Cagle as having been beaten to a pulp. Then the defendant took a gun from his pants and began firing at Sczymanski.
The near instantaneousness of the transaction coupled with the consistent aggressive and assaultive conduct of the defendant, in our view, firmly establish an inference of nonconsensual entry. Accordingly, we affirm the judgment of guilty as to both crimes.
DOWNEY and HURLEY, JJ., concur.
BERANEK, J., dissents with opinion.