581 So.2d 1379 (1991)
John P. GROVER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0690.
District Court of Appeal of Florida, Fourth District.
June 19, 1991.
*1380 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
McNULTY, JOSEPH P., Senior Judge.
Appellant was convicted of seven counts of grand larceny and one count of consumer fraud.
First, with respect to the grand larceny counts, the question is whether the evidence, all circumstantial, is legally sufficient to support a finding of the requisite intent in larceny, i.e., the intent to deprive at the time of taking. The consumer fraud count will be discussed later.
It is black-letter of course that intent, being a state of mind, is rarely if ever susceptible of direct proof. Almost inevitably, as here, it must be shown solely by circumstantial evidence. State v. Waters, 436 So.2d 66 (Fla. 1983).
The pertinent law on circumstantial evidence was most recently expressed by our supreme court in State v. Law, 559 So.2d 187, 188 (Fla. 1989):
A special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence. Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.
(Citation omitted.)
Here, there is no dispute as to the relevant facts testified to. Appellant and one Taylor[1] were in the business of selling business opportunities in the course of which they would lease and sell Pepsi-Cola and Coca-Cola vending machines, together with service contracts for maintenance. For an additional fee they would find locations for these machines.
Sales and leasing were conducted through PMS International, Inc. (PMS), and the contracts for service or locations were handled through a second corporation, Prestige of Florida Corporation (Prestige). Appellant's exact status with these corporations was not established[2]. A third corporation was formed, involving Taylor and one Gahan, through which Gahan, a mechanic, reconditioned old vending machines for both PMS and Prestige.
In the years 1984 and 1985 numerous persons responded to advertisements in The Palm Beach Post and invested in the opportunities. Eventually the business ran into difficulties when it began having troubles receiving and reconditioning machines.
The Palm Beach Sheriff's office became involved after receiving several complaints and ultimately, after interviewing numerous investors and potential investors, appellant and Taylor were arrested. The sheriff's department held a press conference announcing that the business was fraudulent, which effectively closed it. Taylor then fled the country.
Fifty-one grand larceny counts and five consumer fraud counts were filed against appellant, most of which were dismissed by the court or on which appellant was found not guilty. He was found guilty however, as noted, on the seven larceny counts here and on one of the five fraud counts.
At trial thirty-one witnesses testified about their purchases. Most complained that delivery of the machines was slow and usually occurred only after complaining to *1381 appellant. Of the thirty-one witnesses who testified at trial, one received an extra machine, four received all their machines, several did not receive all their machines, but were offered more locations than the contracted number of machines, approximately sixteen received only a portion of the machines purchased and seven received no machines. These last seven were those for which appellant was convicted; but in six of these the machines were not to be delivered under the contracts until after appellant was arrested.
It further appears that Gahan reconditioned approximately eight hundred machines in four and a half to five months for Prestige. He continued to get a substantial number of machines to repair until the last week of November or first week of December, 1985, when he ran out of machines to work on even though appellant was attempting to locate and secure more machines.
Gahan testified that he told appellant, whom Gahan thought to be sales manager, that the sales end of the business had to slow down because the reconditioning branch could not keep pace with the sales. He further testified that Taylor agreed with him, but that appellant convinced Taylor to allow continued sales and to push forward. These circumstances, the state argues, clearly indicate appellant had the intent to commit theft because "if appellant knew that the refurbishing branch of the operation ... could not keep pace with sales, then any sale after this incubation of knowledge would be tantamount to grand theft."
Appellant submits, on the other hand, that the foregoing evidence is not inconsistent with, nor does it contradict, his contention that he in good faith attempted to carry on a legitimate business with no intent to defraud, steal or otherwise bilk anyone; that he was at all times up until the end lawfully trying to salvage the business, which had been in existence almost two years with only normal ups and downs, but was prevented from doing so by business misfortunes, including the abrupt termination of the business after his arrest, all of which were beyond his control.
Clearly, appellant's hypothesis is not per se unreasonable and the foregoing circumstances do not exclude it. Likewise, it may be conceded that the state's hypothesis is also not unreasonable and arguendo may even give rise to a strong inference of guilt. But again, where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. State v. Law, 559 So.2d 187, 188 (Fla. 1989); McArthur v. State, 351 So.2d 972 (Fla. 1977). Gahan's testimony, standing alone, does not meet this test; and no other circumstances in evidence bolster any inference of a felonious intent which may be drawn from his testimony.
The ultimate question devolves here then as to whether a jury may be permitted to consider a single set of circumstances, which are at once susceptible of opposing reasonable hypotheses on the issue of guilt or innocence in a criminal case, and return a verdict of guilty based on their view of the more reasonable of the two. Clearly not, since it is the tendency to establish one fact to the exclusion of contrary facts which gives circumstantial evidence the force of proof in the first place; and when circumstances are reasonably susceptible of two conflicting inferences they are probative of neither. There simply would be no "proof."
The state would rely on the following statement of the supreme court in State v. Law, at 188:
The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse... .
But that statement by the court must be considered in the light of the facts in that case.
There, the defendant was charged with first degree murder in the child abuse death of his girlfriend's three-year-old son. *1382 The evidence was essentially circumstantial as to who, if anyone, killed the child; and the defendant hypothesized four theories of his innocence, pointing to circumstances in evidence tending to support each theory.
He argued that the evidence showed the girlfriend may have delivered the fatal blows; an older brother may have caused the fatal injury while "roughhousing" with the victim; the fatal injury could have been caused by a series of accidental falls; and finally, even that he himself may have inflicted the fatal injuries by accident while playing with the victim. The state on the other hand relied on a different set of circumstances in evidence relating to each of the defendant's theories which were inconsistent with and contradicted each of such theories respectively.
It was there held properly to be a jury question as to whether the circumstances relied upon by the state were sufficient to override the different circumstances relied upon by the defendant so as to exclude each of his hypotheses of innocence beyond a reasonable doubt. The jury in that case so concluded.
Here, as noted, there is essentially only one set of circumstances, those relating to continued sales with knowledge that supplies were short, from which both the state and appellant hypothesized their theories on intent, neither being any more probable from such circumstances than the other. It was this dichotomy with which the Law court necessarily was concerned in stating, at 189:
The state is not required to "rebut conclusively every possible variation" of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. Once that threshold burden is met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
If the rule were not applied in this matter, a trial judge would be required to send a case to the jury even where no evidence contradicting the defendant's theory of innocence was present, only for a verdict of guilty to be reversed on direct appeal. We agree with [Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986)] that
it is for the court to determine, as a threshold matter, whether the state has been able to produce competent, substantial evidence to contradict the defendant's story. If the state fails in this initial burden, then it is the court's duty to grant a judgment of acquittal to the defendant as to the charged defense, as well as any lesser-included offenses not supported by the evidence... . Otherwise, there would be no functional role for the courts in reviewing circumstantial evidence, as was stated so well in Davis v. State, 436 So.2d 196 (Fla. 4th DCA 1983): "If we were to follow the state's logic, a trial judge could never ... grant a motion for judgment of acquittal pursuant to Florida Rule of Criminal Procedure 3.380 when the evidence is circumstantial. Instead, every case would have to go to the jury."
(Emphasis supplied.)
This case never should have gone to the jury. There was insufficient circumstantial evidence legally to support a finding of the requisite intent in larceny.
As to the consumer fraud count on which appellant was convicted, i.e., COUNT THREE, that count alleged in material part:
JOHN PATRICK GROVER ... on or about January 1, 1984, through and including March 31, 1986, in the County of Palm Beach and State of Florida, did knowingly and unlawfully misrepresent the quantity and quality of the products to be sold or distributed through the business opportunity to HAMILTON RASCH and others as set forth and named in Count One above, to wit: vending machines sales and service routes, contrary to Florida Statute 559.809(4).
(Emphasis supplied.)
The "Count One" incorporated therein charged organized fraud as proscribed by *1383 section 817.036, Florida Statutes[3], alleging in material part:
JOHN PATRICK GROVER ... on or about January 1, 1984, through and including March 31, 1986, in the County of Palm Beach and State of Florida, did knowingly and unlawfully obtain property of an aggregate value of $50,000 or more, to wit: cash, bank checks, bank drafts, or property from the following persons: [no less than fifty-one persons who are named victims, including HAMILTON RASCH, the alleged victim in COUNT THREE] ... by means of a scheme or operation by fraud or misrepresentation, to wit: by offering for sale vending machines and service route locations to customers and [failing to perform as promised and/or making misrepresentations], contrary to Florida Statute 817.036.
The trial judge entered a judgment of acquittal on this Count One for the reason that "there is not sufficient evidence to submit the cause to the jury on the charge of ... organized fraud." But the record is silent as to the specific allegations as to which the evidence was found by the court to be insufficient. Therefore, it is impossible to determine whether the insufficiencies found were critical to the fraud count on which appellant was convicted.
It of course may be assumed, however, that by submitting COUNT THREE to the jury the trial court felt the material allegations made were shown prima facie; that is, that a jury could find, as alleged, that appellant
did knowingly and unlawfully misrepresent the quantity and quality of the products to be sold or distributed through the business opportunity, to HAMILTON RASCH and others as set forth and named in Count One above... .

(Emphasis supplied.)
But it undisputedly appears that Hamilton Rasch never testified; and there was no evidence otherwise that misrepresentations were made to him by appellant or anyone else. The state argues nevertheless that it need only prove one misrepresentation under the statute, that the allegations in COUNT THREE charge that misrepresentations were made to "others" as set forth in the incorporated Count One and that there was ample evidence to support a finding that misrepresentations were made at least to some of them, if not specifically to Rasch, which it contends is sufficient.
Not so. The critical allegations in Count Three were that appellant made misrepresentations to RASCH. The reference to "others" was surplusage. It is irrelevant at that point that he also may have made representations to "others," as gratuitously alleged. There was only one offense charged, and that was allegedly committed against Rasch.
Moreover, notwithstanding that some or all of such "others" may have been among the victims specifically identified in the incorporated Count One, a charge under chapter 817, Florida Statutes (organized fraud), they clearly are not sufficiently identified as victims in COUNT THREE, a charge under chapter 559, Florida Statutes (consumer fraud), so as to preclude second jeopardy under the latter.
In substance the state had chosen here to charge in COUNT THREE specifically that Rasch was victimized. It was never shown. The trial court should have directed a verdict of acquittal on COUNT THREE.
In view of the foregoing, therefore, all of the convictions herein should be, and they are hereby, reversed and set aside; and the cause is remanded with direction that a judgment of acquittal be entered as to each of them and that appellant be discharged.
REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY, J., concurs.
LETTS, J., concurs in conclusion only.
NOTES
[1] Taylor is presently a fugitive from justice and believed to have fled to his native South Africa.
[2] He was referred to variously as an officer or sales manager.
[3] Repealed by Laws 1987, c. 87-382 § 2.