743 So.2d 544 (1999)
Roger DOLAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3407.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
*545 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
BAILEY, JENNIFER D., Associate Judge.
Roger Dolan appeals his conviction, after a jury trial, on multiple charges arising out of the sexual battery of a store clerk at a Las Olas Boulevard lingerie shop in July, 1994.
Finding no error, we affirm the conviction and sentence. One issue raised by Dolan's appeal merits additional discussion: under what circumstances are computer enhancements of video surveillance tape properly admitted into evidence?
On the day of the crime, the lingerie shop had operating surveillance cameras at its front and rear entrances which recorded on videotape, and which videotaped the perpetrator. The shop owner testified as to the placement of the cameras, their operation, and the loading of the tape. The police secured the tape immediately after the incident. A proper chain of custody was established for the videotape and it was properly admitted. As typical of security camera videotapes, the picture quality was poor. However, a view of the tape and the testimony, established that the perpetrator's physical characteristics were discernable.
The Fort Lauderdale police sent the tape to a video laboratory for forensic video analysis. The process, which was the subject of detailed step-by-step testimony by the forensic video analyst at trial, resulted in a computer-enhanced image which was "bigger, brighter, and better." The process began with identifying the best video recording machine for playback, playing the tape on that machine, and transferring the image electronically to computer as a digital image. Digital images are composed of millions of tiny dots, referred to as "pixels." Next, the most relevant frames of the video images were selected, and computer software used to add, enlarge, darken or lighten pixels in the now-digitized picture in order to clarify and focus the image. Once each image was computer-enhanced, still prints were made. These prints were admitted into evidence at trial.
The forensic video analyst testified that the still prints were a fair and accurate representation of what was on the videotape. The analyst's testimony established that she did not edit the image, and that the pictures contained only the images which were originally on the videotape. The analyst was subjected to cross-examination on the process. The jury had the original videotape for comparison of the tape with the prints, as well as the explanation of the process for its consideration.
The defense objected on authenticity grounds, arguing that the state failed to establish the prints to be a fair and accurate representation of the incident.
There are two methods of authenticating photographic evidence. The "pictorial testimony" method requires the testimony of a witness to establish that, based upon personal knowledge, the photographs on tape fairly and accurately reflected the events or scene. The second method is the "silent witness" method, which provides that the evidence may be admitted upon proof of the reliability of the process which produced the tape or photo. See *546 Hannewacker v. City of Jacksonville Beach, 419 So.2d 308 (Fla.1982).
Dolan argues that the state failed to adduce evidence that the enhanced stills were fair and accurate reprints of the scene, or of the perpetrator.
Dolan's argument misses the real question, which is whether the computer stills are verified as reliable representations of images recorded on the original videotape. 3 C. Scott, Photographic Evidence § 1295 (2d ed. 1969 & Supp. 1994).
The videotape in this case was properly admitted under the silent witness theory. See Wagner v. State, 707 So.2d 827 (Fla. 1st DCA), review denied, 717 So.2d 542 (Fla.1998). Testimony established the location of and operation of the videotaping mechanism. Once the tape was properly admitted, the next question is whether the computer-enhanced still prints reflect distorted or altered images on the videotape; in essence, the same analysis which applies to photographic enlargements or blow-ups.
Other jurisdictions addressing this issue have permitted the enhancements of computer enhanced videotape into evidence. In Nooner v. State, 322 Ark. 87, 907 S.W.2d 677, 685 (1985), cert. denied, 517 U.S. 1143, 116 S.Ct. 1436, 134 L.Ed.2d 558 (1996), the Arkansas Supreme Court held that where there is no evidence to indicate that the enhanced stills somehow changed a face, features, or physique, or were altered to include someone or something not present on the videotape, the stills were admissible. In Nooner, as in this case, the technician outlined the virtually identical process and the use of pixels to eliminate graininess.
In English v. State, Georgia's Court of Appeals compared the admissibility of computer-enlarged photographs from videos to the use of photographic enlargements. Where the evidence establishes there is no distortion of the images on the original videotape, then the computer-enhanced photographic stills are admissible. English v. State, 205 Ga.App. 599, 422 S.E.2d 924 (1992). In both cases, as in Mr. Dolan's case, the jury had the original videotape available for comparison purposes.
Admission of photographic evidence is an exercise of the trial court's discretion, and its decision will not be overturned without a showing of abuse. See Thompson v. State, 565 So.2d 1311 (Fla. 1990). The state established that the original videotape accurately reflected the store through the shop owner. Where there is testimony as to the nature of the store's video security system, the placement of the film in the camera, how the camera worked, the circumstances of removal of the tape and chain of possession of the tape, such testimony is sufficient authentication of the tape. See Wagner. Once the tape is authenticated and the forensic analyst explains the computer enhancement process and establishes that the images were not altered or edited, then the computer enhancements become admissible as a fair and accurate replicate of what is on the tape, provided the original tape is in evidence for comparison. The weight accorded to those computer-enhanced prints is determined by the jury. A jury possesses sufficient common sense to compare the images.
Having determined that the computer enhancements were properly admitted, and finding the remaining points to be without merit, we affirm.
AFFIRMED.
KLEIN and GROSS, JJ., concur.