NESBITT, Senior Judge.
T.A.B., a twelve year old, was charged by petition for delinquency with: 1) burglary to an unoccupied dwelling with the intent to commit theft and/or criminal mischief, 2) theft, and 3) criminal mischief. Following a hearing, the trial court found T.A.B. guilty of burglary. Adjudication was withheld and the juvenile was sentenced to one year community control. We reverse.
The State’s evidence established the home at issue had been burglarized the day before T.A.B.’s arrest. The home was vandalized and items, including some CDs (compact disks), were taken. The trial judge found that the evidence showed T.A.B. did not participate in these acts. However, the perpetrator of the original break in, J.M., had taken several of the *1248 CDs to T.A.B. and T.A.B.’s cousin and offered them as gifts. The boys knew J.M. only slightly. While T.A.B.’s mother and aunt questioned the reason for the gifts, they ultimately decided to let T.A.B. keep the CDs and permitted the boys to play with J.M. again.
According to T.A.B., the next morning, J.M. invited the boys to play at his house. When they got to the house, J.M. advised the boys to climb into the house through the window, because J.M. didn’t have a key. Once inside the house, T.A.B. saw the place was askew, but he concluded that the home’s condition was not unusual because J .M. was “dirty and stuff.” Shortly after the boys’ arrival, a neighbor called the police and the three boys were arrested and charged with the crimes at issue.
At the hearing on the matter, the State submitted no evidence refuting T.A.B.’s explanation of the event. At the close of the evidence, defense counsel sought a judgment of acquittal, arguing that T.A.B. had entered the house believing J.M. lived there and not intending to commit a crime. The trial judge denied the motion and found T.A.B. guilty of the burglary. This appeal followed.
It is fundamental that in a circumstantial evidence case the evidence must not only prove guilt beyond a reasonable doubt but, also, must be sufficient to exclude every reasonable hypothesis of innocence. See T.S.J. v. State, 439 So.2d 966, 967 (Fla. 1st DCA 1988); see also State v. Law, 559 So.2d 187, 188 (Fla.1989) (circumstantial evidence may support a conviction only if it is consistent with guilt and inconsistent with any reasonable hypothesis of innocence); Toole v. State, 472 So.2d 1174, 1176 (Fla.1985)(coneluding the state is not required to “rebut conclusively every possible variation” of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events); Grover v. State, 581 So.2d 1379, 1381 (Fla. 4th DCA 1991)(where the only proof of guilt is circumstantial, no matter how strongly evidence may suggest guilt, conviction cannot be sustained unless evidence is inconsistent with any reasonable hypothesis of innocence). In the instant case, the State failed to introduce competent evidence which was inconsistent with the boy’s theory of events. Thus, the trial judge should have granted the juvenile’s motion for judgment of acquittal.
Accordingly, the order under review is reversed.