976 So.2d 1182 (2008)
STATE of Florida, Petitioner,
v.
Jimmie Allan CLYATT, Jr., Respondent.
No. 5D07-989.
District Court of Appeal of Florida, Fifth District.
March 20, 2008.
Brad King, State Attorney, and Deborah A. Hunt, Assistant State Attorney, Inverness, for Petitioner.
James F. Cummins, Inverness, for Respondent.
LAWSON, J.
The State of Florida seeks certiorari review of a trial court order barring it from calling independent witnesses to prove that Candi Hoerner did not consent to a battery allegedly committed on her by Jimmie Allan Clyatt, Jr. We have jurisdiction. State v. Pettis, 520 So.2d 250 (Fla.1988). Finding that the order on review departs from the essential requirements of law,[1] we grant the writ and quash the order.
Clyatt was charged by information with felony battery pursuant to section 784.03(2), Florida Statutes (2007),[2] for *1183 touching or striking Candi Hoerner against her will. According to the State, Clyatt and Hoerner were ordering food from a KFC restaurant drive-through while involved in an altercation. From outside the car, several witnesses reported observing Clyatt, inside the car, beating Hoerner's head against the car window; slapping and punching her in the face; grabbing her; and then choking her. As is often the case in domestic violence cases, Hoerner declined to cooperate with the State after Clyatt's arrest. Therefore, the State was left in the position of either dropping the charge or attempting to prove the elements of simple battery solely through the testimony of its third-party witnesses. The State elected to prosecute.
To prove its case, the State must introduce evidence sufficient to convince a jury beyond a reasonable doubt that Clyatt touched or struck Hoerner against her will. § 784.03(1)(a)1.[3] The State anticipates no problem establishing that Clyatt touched or struck Hoerner since its multiple eye-witnesses will testify that they observed Clyatt's attack on Hoerner, and will presumably describe it in the same detail as is set forth in their respective witness statements. While this testimony will provide direct evidence of Clyatt's physical actions, it will, of course, only constitute circumstantial proof that Hoerner did not consent to being punched, slapped, grabbed, choked and slammed against the car window. To say, however, that this evidence is "only" circumstantial unfairly discounts the probative value of the testimony. The account given by the multiple third-party witnesses, according to which Hoerner was also attempting to resist the attack, and after which she was visibly upset and crying, is unequivocal and appears to permit but one reasonable inference  that Hoerner in no way consented to the attack. However, because the State could not produce a Florida case stating that a purported battery victim's lack of consent could be proved circumstantially, without the victim's testimony, the trial court ordered that the State's witnesses not be allowed to testify to their observations.
Although no Florida court has directly held that lack of consent can be established by circumstantial evidence in a simple battery case, Florida courts have recognized circumstantial evidence as sufficient to support a lack of consent finding in other types of criminal prosecutions. See, e.g., Conahan v. State, 844 So.2d 629, 636-37 (Fla.2003) (holding that the state's circumstantial evidence was legally sufficient to establish that the victim did not consent to being tied to a tree, and thereby upholding a kidnapping conviction); Firestone v. State, 407 So.2d 1070, 1071 (Fla. 4th DCA 1981) (holding that circumstantial evidence was sufficient to support a jury finding that defendant entered a home without the victim's consent, and thereby upholding a burglary conviction); see also, Hufham v. State, 400 So.2d 133, 135 (Fla. 5th DCA 1981) (holding that in a sexual battery prosecution "`[c]onsent' is a relative term to be viewed under the circumstances of each case, . . . and is essentially a question for the jury.").
Additionally, Florida courts have routinely found circumstantial evidence sufficient to prove a victim's or defendant's state of mind on issues other than consent. See, e.g., L.R.W. v. State, 848 So.2d 1263 (Fla. 5th DCA 2003) (holding that the state may establish a victim's "well-founded fear of imminent bodily injury" through circumstantial evidence, without the victim's testimony, and thereby upholding an aggravated *1184 assault conviction); McClain v. State, 383 So.2d 1146 (Fla. 4th DCA 1980), rev. denied, 392 So.2d 1376 (Fla.1980) (same); Gilbert v. State, 347 So.2d 1087 (Fla. 3d DCA 1977) (same); State v. Waters, 436 So.2d 66, 71 (Fla.1983) (noting that the intent element required for a burglary conviction involves "a state of mind" and "often can only be proved by circumstantial evidence"); Sewall v. State, 783 So.2d 1171, 1176 (Fla. 5th DCA 2001) ("Because intent to commit the theft usually cannot be proven by direct evidence, the intent may be inferred from the circumstances surrounding the illegal act.") (citations omitted); Grover v. State, 581 So.2d 1379, 1380 (Fla. 4th DCA 1991) ("It is black-letter of course that intent, being a state of mind, is rarely if ever susceptible of direct proof. Almost inevitably, as here, it must be shown solely by circumstantial evidence.") (citation omitted). We see no distinction between the use of circumstantial evidence to prove state of mind in these contexts and the State's attempted use of circumstantial evidence to prove the victim's lack of consent in this battery case. Additionally, we agree with our sister court that "[q]uestions of consent, force, resistance and fear are particularly within the province of the jury to determine." State v. Hudson, 397 So.2d 426, 428 (Fla. 2d DCA 1981).
Generally, the test for admissibility of evidence is its relevance. See § 90.402, Fla. Stat. (2007) ("All relevant evidence is admissible, except as provided by law."). Because the State's evidence is clearly relevant to the issue of Hoerner's lack of consent, and because there is no rule of law barring the State from using circumstantial evidence to prove lack of consent, we find that the trial court departed from the essential requirements of the law by prohibiting the State from eliciting the proffered testimony. Accordingly, we quash the trial court's order. Whether the State's circumstantial evidence will be sufficiently convincing to establish Hoerner's lack of consent beyond a reasonable doubt is a question for the jury.
CERTIORARI GRANTED; ORDER QUASHED.
SAWAYA and EVANDER, JJ., concur.
NOTES
[1] In fairness to the trial judge, we note that his ruling was intentionally fashioned to permit appellate review of an issue on which there is no reported Florida case directly on point. Although the standard of review compels a finding that the court departed from the essential requirements of the law, recitation of this standard (as is often the case) should not be viewed as a poor reflection on the capability of the trial judge, or his handling of this case.
[2] Section 784.03(2) defines simple battery as a third degree felony for any defendant with a prior battery conviction.
[3] Simple battery can also be established with proof that a defendant intentionally caused bodily harm to another person. See § 784.03(1)(a)2.