LEWIS, J,, specially
concurring.
I agree with the conclusions reached by the Court today. However, I write to express my concern that this decision should not in any way be understood to eliminate or undermine the legal procedures regarding the admission of nontesti-monial evidence. See Johnson v. State, 660 So.2d 637, 645 (Fla.1995) (“The rules of evidence may be relaxed during the penalty phase of a capital trial, but they emphatically are not to be completely ignored.”); see also § 921.141(1), Fla. Stat. (2008) (“[T]his subsection shall not be construed to authorize the introduction of any evidence secured in violation of the Constitution of the United States or the Constitution of the State of Florida.”)
Courts in Florida have held that authentication of surveillance footage during the determination of guilt is satisfied upon the testimony of an individual, such as an employee or business owner, who Was familiar with the installation and operation of the surveillance equipment. Dragani v. State, 759 So.2d 745, 746 (Fla. 5th DCA 2000) quashed in part on other grounds, 791 So.2d 1083 (Fla.2001); Dolan v. State, 743 So.2d 544, 546 (Fla. 4th DCA 1999). Additionally, in Wagner v. State, 707 So.2d 827, 830 (Fla. 1st DCA 1998), the First District held that authentication was satisfied upon testimony from a police officer who installed; operated, and explained the chain of custody of a video camera. However, no court in Florida has concluded that authentication of evidence that proves the guilt of a defendant can be satisfied only upon the testimony of an officer who was familiar with the investigation, but ultimately could not verify the reliability of the recording device. I would caution trial courts against relying on the decision today to support such an evidentiary ruling made outside the context of the sentencing phase of a capital trial.
Rather, the conclusions reached today must be considered in the relatively rare context that this defendant pleaded guilty to a capital offense and waived the right to an advisory sentence by a jury of his peers. Additionally, there were absolutely no allegations that the surveillance footage was materially altered, nor is there any suggestion that law enforcement officers mistakenly identified Mullens after viewing the footage. Many of the evidentiary restrictions in the Florida Evidence Code, including the requirement that evidence must be authenticated before it can be admitted, exist to prevent juror confusion and to guarantee criminal defendants the right to a fair trial. See, e.g., § 90.403, Fla. Stat. (2008) (excluding relevant but unduly prejudicial or confusing evidence); § 90.802, Fla. Stat. (2008) (generally excluding hearsay evidence). When there are no jurors to potentially confuse and the defendant has conceded his or her guilt, relevant, nontestimonial evidence that is not otherwise of questionable origin is admissible during a penalty phase of a capital trial. See § 921.141(1), Fla. Stat.
However, the fact that evidence need only be relevant during the sentencing phase of a capital trial should not be interpreted to mean that trial courts can or should admit evidence that is patently unreliable. The definition of relevant evidence is “evidence tending to prove or disprove a material fact.” § 90.401, Fla. *43 Stat. (2008). Further, authentication is central to the understanding of relevancy:
The authentication requirement may be viewed as an aspect of relevancy. In a contract action, for example, evidence in the form of a writing is relevant as proof of the actual terms of an alleged agreement only if it is shown to be the very document to which the parties somehow manifested their assent, or at least a true copy of that document. In this sense, it is actually [Federal Rule of Evidence] 401 and [Federal Rule of Evidence] 402 that impose the requirement to authenticate, for these provisions define relevancy and make it a condition of admissibility.
Christopher B. Mueller & Laird C. Kirkpatrick, 5 Federal Evidence § 9.2 (4th ed.2015) (emphasis added). Therefore, it follows that evidence that is obviously unreliable, fabricated, or of unknown origin is necessarily irrelevant.
Accordingly, the proponent of nontesti-monial, non-self-authenticating evidence cannot simply proffer for admission such evidence alone to establish its relevancy. For example, this Court has held that in the absence of evidence linking a given weapon to the charged offense, the weapon itself is irrelevant and inadmissible. Agatheas v. State, 77 So.3d 1232, 1236 (Fla.2011) (holding that it is insufficient to establish the relevancy of a particular gun by simply introducing it and instead requiring the prosecution to somehow link that gun to the crime). Likewise, the foundation for photographic and videographic evidence can be established either through the testimony of a witness with knowledge under the pictorial testimony theory of admission, or upon additional proof of the reliability of the recording under the silent witness theory. Hannewacker v. City of Jacksonville Beach, 419 So.2d 308, 311 (Fla.1982); Bryant v. State, 810 So.2d 532, 536 (Fla. 1st DCA 2002) (citing Charles W. Ehrhardt, Florida Evidence, § 401.2 at 114 (2001 ed.)); Dolan, 743 So.2d at 545-46.
In this case, the testimony of Detective Tower — who responded to the crime scene, arrested Mullens after viewing the surveillance footage, and testified after Mullens admitted his guilt — provided a sufficient foundation for the admission of the surveillance footage. I therefore concur in the decision of the Court.
LABARGA, C.J., and PARIENTE, J., concur.