IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TYLER BRYCE SIMMONS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.
_____/

Case Nos. 5D23-70
5D23-72
LT Case Nos. 19-CF-4740
20-CF-3648

Decision filed March 3, 2023

Appeal from the Circuit Court
for Duval County,
Kevin Blazs, Judge.

Robert David Malove, of The Law
Office of Robert David Malove, P.A.,
Fort Lauderdale, for Appellant.

Ashley Moody, Attorney General, and
Zachary F. Lawton, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

      AFFIRMED.

EISNAUGLE and HARRIS, JJ., concur.
LAMBERT, C.J., concurs specially, with opinion.

LAMBERT, C.J., concurring specially.

Tyler Bryce Simmons was convicted after trial of possession of a firearm by a convicted felon, with the jury making a special finding that Simmons was in actual possession of a firearm. At the time of this offense, Simmons was also on community control for possession of a firearm by a juvenile delinquent. Simmons was subsequently charged with violating his community control; and during the course of the jury trial on his new offense, the court held an evidentiary hearing on the State's allegations that Simmons violated conditions 4 and 5 of his community control by being in possession of a firearm and for committing the above described new criminal offense.[1] Following the jury's verdict, the trial court announced that it found the State had met its burden of proof that Simmons had violated the terms of his community control.[2]

I concur in the affirmance of the conviction, the trial court's finding that Simmons violated his community control, and the resulting concurrent sentences imposed. Contrary to Simmons's argument on appeal, the trial

---

[1] Simmons was also charged with other violations of his community control. The State did not pursue these alleged violations.

[2] In its ruling, the court inadvertently referred to community control as "probation."

2

court did not abuse its discretion in admitting into evidence the videos showing that he was in actual possession of a firearm.[3] *See Dolan v. State*, 743 So. 2d 544, 546 (Fla. 4th DCA 1999) ("Admission of photographic evidence is an exercise of the trial court's discretion, and its decision will not be overturned without a showing of abuse." (citing *Thompson v. State*, 565 So. 2d 1311, 1314 (Fla. 1990))).

Nor did the trial court err in determining that the State met the relatively low threshold for authentication of the videos prior to their admission. *See Mullens v. State*, 197 So. 3d 16, 25 (Fla. 2016) (explaining "that authentication for the purpose of admission is a relatively low threshold that only requires a prima facie showing that the proffered evidence is authentic; the ultimate determination of the authenticity of the evidence is a question for the fact-finder" (citing *Gosciminski v. State*, 132 So. 3d 678, 700 (Fla. 2013))); *see also Lamb v. State*, 246 So. 3d 400, 409 (Fla. 4th DCA 2018) (holding that requiring the State to provide testimony from persons who appear in the video, or from someone who recorded the video, sets the authentication burden too high if the video's distinctive characteristics and content, in conjunction with the circumstantial evidence, are sufficient to authenticate the video).

---

[3] The State relied on this video evidence to establish that Simmons was in actual possession of a firearm.

I further conclude that the trial court also did not abuse its discretion in permitting the testimony of Detective Stephen Barborini, the State's expert witness in the field of firearm identification. *See Booker v. Sumter Cnty. Sheriff's Off./N. Am. Risk Servs.*, 166 So. 3d 189, 194 n.2 (Fla. 1st DCA 2015) ("An appellate court will review under an abuse of discretion standard a trial court's admission or exclusion of expert testimony." (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999))); *United States v. Brinson*, 791 Fed. App'x 33, 37 (11th Cir. 2019) (noting that "[w]hile the officers who testified at [the defendant's] trial did not see the alleged firearm in person, they all viewed the photographs and video depicting [the defendant] holding what appeared to them to be a firearm" and holding that "[a]lthough [the defendant] contrasts [Detective] Barborini's testimony with that of his expert witness's, the jury had exclusive province over credibility determinations and was entitled to accept Barborini's testimony and reject [the defendant's] expert witness's testimony").

I do, however, agree with Simmons that the trial court erred when its order revoking community control did not specify the conditions of community control that Simmons had violated. *See Davis v. State*, 276 So. 3d 484, 485 (Fla. 1st DCA 2019) (finding that the order revoking probation was legally insufficient when the trial court failed to specify each condition of

4

probation that the appellant had violated and indicate that the violation was willful (citations omitted)).

However, because this error was not preserved for appellate review by raising this specific issue in a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error, I agree that the order revoking community control is properly affirmed. *See Mendenhall v. State*, 233 So. 3d 1288, 1288 (Fla. 5th DCA 2018) (concluding that the error committed by the trial court in failing to state in its written order the condition of probation that the appellant was found to have violated was not preserved for appellate review when the appellant failed to object at trial or raise this specific issue in a rule 3.800(b)(2) motion); *cf. Jones v. State*, 898 So. 2d 209, 209 (Fla. 2d DCA 2005) (finding that the trial court's error in failing to specify in its written revocation order the condition of probation that it orally found the defendant had violated was properly preserved for review by the defendant filing a motion to correct sentencing error pursuant to rule 3.800(b)(2)).