# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1697
Lower Tribunal No. 22-718
_____

**R.V., a Juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Dawn Denaro, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.


Before LOGUE, C.J., and SCALES, and MILLER, JJ.

MILLER, J.

Appellant, R.V., a juvenile, appeals from a final order adjudicating him delinquent for the offense of battery and placing him under the supervision of the Department of Juvenile Justice for a one-year period. The primary issue on appeal is whether the trial court erred in admitting contents of footage derived from a residential surveillance system into evidence at the adjudicatory hearing.[1] Because the challenged evidence was sufficiently authenticated under the "silent witness" theory, we affirm. See Abdallah v. State, 335 So. 3d 696, 696 *9 (Fla. 3d DCA 2021), review denied, SC22-671, 2022 WL 3330435 (Fla. Aug. 12, 2022) (holding video was properly authenticated due to sufficient "proof that the process that produced the video . . . was reliable").

**BACKGROUND**

While seventeen-year-old R.V. was residing at His House Children's Home ("His House"), a group home for abused, abandoned, and neglected children, he was observed punching another resident. Two law enforcement officers responded to the scene. A His House employee retrieved a surveillance video depicting the incident, and Miami-Dade Police Officer

---

[1] We summarily reject the contention that the evidence was insufficient to establish a lack of consent. See State v. Clyatt, 976 So. 2d 1182 (Fla. 5th DCA 2008).

John Peguero arrested R.V. The State subsequently filed a delinquency petition charging R.V. with one count of simple battery.

The victim failed to appear at the final adjudicatory hearing, so the State sought to prove the crime by alternative means. Two witnesses vouched for the authenticity of the footage. The first witness, His House employee Giovanni Rivera, attested he used his credentials to retrieve the video shortly after the incident. He then directed the His House Information Technology Department to memorialize the date and time of the incident, archive the video, and provide a copy of the footage to law enforcement on site. Rivera confirmed the location and identified both R.V. and the alleged victim in the video.

The second witness, Officer Peguero, testified that, after he responded to the scene, he interviewed the alleged victim and retrieved the video clip from His House IT personnel. He then viewed the video and noted it depicted the interaction. He identified his initials on the compact disc and verified the video that was presented in court was the same he viewed on the day of the incident.

The trial court overruled a foundational objection and admitted the video into evidence. After R.V. was found delinquent for committing the offense of battery, the instant appeal ensued.

## STANDARD OF REVIEW

The trial court enjoys broad discretion in determining the admissibility of evidence.  See Penalver v. State, 926 So. 2d 1118, 1132 (Fla. 2006). Such discretion, of course, is not boundless.  It is limited by applicable evidentiary principles and other legal authority.  See Michael v. State, 884 So. 2d 83, 84 (Fla. 2d DCA 2004).

## ANALYSIS

The Florida Evidence Code states that "[a]uthentication or identification of evidence is required as a condition precedent to its admissibility." § 90.901, Fla. Stat. (2022).  "Authentication" is a relatively low bar in this context.  It only requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." Id.

Consistent with these principles, the Florida Supreme Court has found that the factfinder is authorized to render the ultimate determination as to the authenticity of the evidence.  See Gosciminski v. State, 132 So. 3d 678, 700 (Fla. 2013); Mullens v. State, 197 So. 3d 16, 25 (Fla. 2016); see also 55 Fla. Jur. 2d Trial § 133 (2023).

Photographic evidence carries unique authenticity considerations.  To overcome concerns regarding manipulation, typically, the proponent of the evidence invokes a traditional foundation, commonly referred to as the

4

"pictorial testimony" theory. Under this model, a sponsoring witness with personal knowledge of the image depicted testifies the photograph is a fair and accurate representation. See Richardson v. State, 338 So. 3d 1106, 1115–16 (Fla. 1st DCA 2022). "This authenticity requirement has evolved into a one-sentence predicate: 'Does this photograph *fairly* and *accurately* depict [the subject]?'"[2] See also Smiley v. State, 295 So. 3d 156, 167 (Fla. 2020) ("Any witness with knowledge that [the photograph] is a fair and accurate representation may [satisfy] the foundational facts.") (quoting Charles W. Ehrhardt, Ehrhardt's Florida Evidence § 401.2, at 176 (2019 ed.)).

But this is not the exclusive avenue for fulfilling the foundational requirements. Under the "silent witness" method, a photograph may be admitted upon a showing of the reliability of the production process. Wigmore explained this model in the following manner:

> [I]t has become clear that an additional theory of admissibility of photographs is entitled to recognition. Thus, even though no human is capable of swearing that he personally perceived what a photograph purports to portray (so that it is not possible to satisfy the requirements of the "pictorial testimony" rationale) there may nevertheless be good warrant for receiving the photograph in evidence. Given an adequate foundation assuring the accuracy of the process producing it, the photograph should

---

[2] Brian Barakat & Bronwyn Miller, Authentication of Digital Photographs Under the "Pictorial Testimony" Theory: A Response to Critics, Fla. B.J., Jul./Aug. 2004, at 38, 38.

then be received as a so-called silent witness or as a witness which "speaks for itself."

John Henry Wigmore, 3 Evidence in Trials at Common Law § 790, at 219–20 (Chadbourn rev., Little, Brown & Co. 1970). Although Wigmore confined his rationale to photographs, the silent witness theory is equally applicable to video evidence. See Dolan v. State, 743 So. 2d 544, 546 (Fla. 4th DCA 1999) ("The videotape . . . was properly admitted under the silent witness theory.").

Florida courts have developed a non-exhaustive list of guiding factors for use in determining the reliability of the production process. Relevant factors include: (1) whether the evidence establishes the date and time the image was captured; (2) evidence of image manipulation; (3) the condition and capability of the equipment that produced the image; (4) procedural consideration relating to the preparation, testing, operation, and security of the equipment involved; and (5) testimony identifying any participants depicted in the image. See Wagner v. State, 707 So. 2d 827, 830 (Fla. 1st DCA 1998); Bryant v. State, 810 So. 2d 532, 536 (Fla. 1st DCA 2002).

Against this landscape, we examine the case at hand. Rivera identified his signature on the compact disc containing the video and carefully explained the procedure he followed for accessing and retrieving the footage. The His Help IT Department recorded the date and time the image

6

was captured at his request, and there was no evidence of any editing or tampering. Rivera confirmed the footage viewed in court was consistent with that produced on the day of the incident, and he identified R.V. and the alleged victim on the video.

Under these circumstances, the "distinctive characteristics and content, in conjunction with circumstantial evidence, [were] sufficient to authenticate the video." See Lamb v. State, 246 So. 3d 400, 409 (Fla. 4th DCA 2018) (finding evidence can be authenticated even if State does not "call the creator" of evidence). Accordingly, we discern no abuse of discretion by the trial court in admitting the video into evidence.

Affirmed.