790 So.2d 1118 (2001)
Steven BROUGHTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3608.
District Court of Appeal of Florida, Second District.
June 8, 2001.
Rehearing Denied August 7, 2001.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
After a trial where several eyewitnesses identified him as the perpetrator, Steven Broughton was convicted of burglary of an unoccupied dwelling and sentenced to fifteen years in prison as a habitual offender, with a fifteen-year minimum mandatory term based on section 775.082(9), Florida Statutes (1999), the Prison Releasee Reoffender Punishment Act (PRRPA). He appeals his conviction and sentence raising three issues: the sufficiency of the evidence to convict him, an allegedly misleading *1119 jury instruction, and the fifteen-year minimum mandatory designation on his sentence as a prison releasee reoffender (PRR) for the crime of which he was convicted. We affirm in part and reverse in part.
The sufficiency of the evidence claim is without merit. We reject Mr. Broughton's contentions on this issue without further discussion and turn to the merits of his jury instruction claim. In charging the jury, the trial court gave the following standard jury instruction: "Your duty is to determine if the defendant has been proven guilty or not in accord with the law. It is the judge's job to determine a proper sentence if the defendant is guilty." Because the State had noticed its intention to seek PRR status in sentencing, Mr. Broughton argues that this instruction misled the jury because the Florida Supreme Court has decided in State v. Cotton, 769 So.2d 345 (Fla.2000), that it is no longer the judge's job to determine a proper sentence if the defendant is guilty. This is so, Mr. Broughton's argument goes, because a trial court no longer has any discretion in sentencing a convicted offender under the PRRPA.
We reject Mr. Broughton's argument on this issue. Florida Rule of Criminal Procedure 3.390(a) precludes the judge, in a noncapital case, from instructing the jury on the sentence that may be imposed. In spite of Mr. Broughton's interpretation of the effect of State v. Cotton, it remains the sole province of the judge to impose sentence. Admittedly, the trial court's discretion as to what that sentence will be is severely constrained in PRR cases. However, we cannot agree with Mr. Broughton's argument that in a potential PRR case the jury, if it convicts, both determines guilt and imposes a mandatory penalty. Only after the jury has decided that all the elements of the crime have been proven beyond a reasonable doubt will possible sentencing enhancements come into play. See Knight v. State, 668 So.2d 596 (Fla.1996). Even though the State may decide to proceed under the PRRPA, the trial court must still determine if the State has met its burden to prove that a defendant qualifies for that designation. Moreover, a properly charged jury may acquit or convict of a lesser crime, in which case the PRR designation may become a moot point.
The challenged instruction appropriately reiterates the evolving policy of removing from a noncapital jury any knowledge of potential penalties for the crimes with which a defendant is charged. As stated in Legette v. State, 718 So.2d 878, 881 (Fla. 4th DCA 1998), the policy behind a 1984 amendment to Florida Rule of Criminal Procedure 3.990(a)[1] was to insure "that the jury should decide a case in accordance with the law and the evidence and disregard the consequences of its verdict." Accordingly, we conclude that the instruction Mr. Broughton challenges did not mislead the jury. Because there was sufficient evidence of guilt and the jury was not misled by this instruction, we affirm Mr. Broughton's conviction for burglary of an unoccupied dwelling.
Mr. Broughton has, however, presented a meritorious argument regarding his sentence. After the trial court sentenced Mr. Broughton to fifteen years as a habitual offender with fifteen years to be served as a minimum mandatory term as a PRR, the Florida Supreme Court decided State v. Huggins, 26 Fla. L. Weekly *1120 S174, ___ So.2d ___, 2001 WL 278107 (Fla. Mar. 22, 2001). Huggins determined that the PRRPA is not applicable to defendants, like Mr. Broughton, who are convicted of burglary of an unoccupied dwelling. Accordingly, we affirm Mr. Broughton's fifteen-year sentence as a habitual offender but strike the minimum mandatory portion imposed pursuant to the PRRPA.
Conviction and habitual offender sentence affirmed; mandatory minimum term and PRR designation stricken.
PARKER, A.C.J., and NORTHCUTT, J., Concur.
NOTES
[1] Prior to the amendment, Florida Rule of Criminal Procedure 3.990(a) provided that, upon request of the State or the defendant, the trial judge should include the maximum and minimum sentences for the crimes charged in its jury instructions.