WHATLEY, Judge.
Franklin C. Higginbotham appeals an order denying his motion to correct an illegal sentence. We find- merit only in Higginbotham’s claim that the trial court erred in sentencing him pursuant to the Prison Releasee Reoffender Punishment Act. His sentences are otherwise affirmed.
Based on the Florida Supreme Court’s holding in State v. Huggins, 802 So.2d 276 (Fla.2001), Higginbotham’s convictions *884 were not qualifying offenses under the Prison Releasee Reoffender Punishment Act in effect at the time of his crime. § 775.082, Fla. Stat. (1997). See Jones v. State, 824 So.2d 1062 (Fla. 2d DCA 2002); Jackson v. State, 817 So.2d 927 (Fla. 2d DCA 2002); Broughton v. State, 790 So.2d 1118 (Fla. 2d DCA 2001). Accordingly, we affirm Higginbotham’s habitual offender sentences but reverse the minimum mandatory portion of his sentence imposed pursuant to the Prison Releasee Reoffen-der Punishment Act.
Convictions and habitual offender sentences affirmed; prison releasee reoffen-der mandatory minimum term and designation stricken.
NORTHCUTT and SILBERMAN, JJ„ Concur.