PER CURIAM.
The State of Florida petitions this court for a writ of certiorari, seeking to quash a nonfinal order of the lower tribunal in this ongoing criminal prosecution. We grant the petition.
The respondent was charged with two counts of aggravated assault and one count of carrying a concealed firearm. At the charge conference, the state requested *9 that the jury be given Florida Standard Jury Instruction 3.10(5), which reads:
Your duty is to determine if the Defendant has been proven guilty or not, in accord with the law. It is the Judge’s job to determine a proper sentence if the Defendant is found guilty.
The trial judge proposed several changes to this standard instruction. The state moved for a pre-trial ruling, seeking a definitive answer as to whether the trial court intended to amend the standard jury instruction. The trial court granted the motion and entered a pre-trial order answering the state’s question in the affirmative and indicating that standard jury instruction would be amended to read:
Your duty is to determine if the defendant has been proven guilty or not, in accord with the law. It is the judge’s job to determine a proper sentence if the defendant is found guilty. However, in certain cases involving firearms the discretion of the Court in imposing a sentence has been limited by State Law.
(Emphasis added). This petition seeks review of that order.
To obtain a writ of common law certiorari, a petitioner must establish that an order of the lower tribunal (1) departed from the essential requirements of law, (2) causing a material injury that (3) is unable to be remedied via appeal. See Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004). The common law writ of certiorari “‘provides a remedy only if the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm.’ ” Reeves, 889 So.2d at 822 (quoting Fla. R.App. P. 9.130 (Committee Notes, 1977 Amendment)). The existence of mere legal error is not sufficient to establish entitlement to a writ of certiorari; the error must be so egregious as to constitute “a violation of clearly established principles of law resulting in a miscarriage of justice.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003) (citing Combs v. State, 436 So.2d 93, 95 (Fla.1983)). In the instant petition, the state has met this heavy burden.
While we recognize that “[d]eci-sions regarding jury instructions are within the sound discretion of the trial judge and will be affirmed absent prejudicial error,” Negron v. State, 938 So.2d 650, 651 (Fla. 4th DCA 2006), trial judges are nevertheless constrained by the dictates of Florida Rule of Criminal Procedure 3.390(a), which unambiguously provides that “[e]xcept in capital cases, the judge shall not instruct the jury on the sentence that may be imposed for the offense for which the accused is on trial.” The crux of the issue here is just how broadly or narrowly the words “the sentence” must be construed. The state argues that, as evidenced by the plain language of the rule and the concerns giving rise to the rule’s adoption, “the sentence” must necessarily include, in addition to overt references to mandatory mínimums, any allusions to the manner in which the jury’s verdict may cause a defendant to be sentenced. The trial judge favors a narrower interpretation of the words “the sentence,” essentially concluding that a jury instruction will not run afoul of Rule 3.390(a) if it contains no explicit reference to the existence of a mandatory minimum sentence or to the sentence length. Instead, the trial judge suggests, the proposed language at issue here operates to prevent the jury from being misled into believing that a trial judge has absolute discretion over a convicted defendant’s sentence, when in fact the judge may be limited in the exercise of his or her sentencing discretion by preexisting law.
*10 “The purpose of Rule 3.390(a) is to minimize the possibility of jury sympathy based on the defendant’s potential sentence, and to control the jury’s exercise of its pardon power to ensure that the jury decides a case according to the law and evidence presented, rather than the consequences of its verdict.” Knight v. State, 919 So.2d 628, 634 (Fla. 3d DCA 2006) (citing Legette v. State, 718 So.2d 878, 880-81 (Fla. 4th DCA 1998)). Rule 3.390(a) “explains that the penalty is irrelevant to the jury’s sole responsibility of determining a defendant’s guilt or innocence, that the jury cannot be privy to the myriad factors which must be considered in sentencing, and that the court’s advising the jury of the possible penalty is wholly inconsistent with the jury’s responsibility to disregard the consequences of its verdict and tends to encourage a deplorable phenomenon which has come to be referred to as a ‘jury pardon.’ ” In Re Amendment to Rules of Criminal Procedure 3.390(a), 416 So.2d 1126, 1127 (Fla.1982) (Alderman, J., dissenting) (explaining the rationale for the version of Rule 3.390(a) that would eventually be adopted in 1985).
“The challenged instruction appropriately reiterates the evolving policy of removing from a noncapital jury any knowledge of potential penalties for the crimes with which a defendant is charged.” Broughton v. State, 790 So.2d 1118, 1119 (Fla. 2d DCA 2001) (emphasis added). The purpose of Rule 3.390(a) is to ensure that a non-capital jury does not concern itself with a defendant’s potential sentence. To advise the jury that the judge’s sentencing discretion may be constrained by an act of the legislature impermissibly oversteps the boundaries of Rule 3.390(a) and Broughton, supra.
Petition GRANTED, order QUASHED and case REMANDED for further proceedings consistent with this opinion.
LEWIS and THOMAS, JJ., concur; MAKAR, J., specially concurring.