MAKAR, J.,
specially concurring.
It is commendable that the trial judge in this case listens closely to jurors, current and former, to get their feedback on jury instructions used in his courtroom. Jurors understandably want to know the consequences of their actions, and judges undoubtedly want jurors to have faith that jury instructions are legally accurate so that juries can more effectively perform their role.
In light of the firewall that has arisen since Florida Rule of Criminal Procedure 3.390(a) was amended in 1984 to separate the jury’s function as fact-finder entirely from the judge’s role in sentencing, The Florida Bar Re: Amendment to Rules-Criminal Procedure, 462 So.2d 386 (Fla. 1984),[1] the proposed instruction at issue may not be used. Courts have uniformly left no wiggle room on the topic. See, e.g., Knight v. State, 919 So.2d 628, 634 (Fla. 3d DCA 2006); Broughton v. State, 790 So.2d 1118,1119 (Fla. 2d DCA 2001).
That said, the trial judge’s concern was limited, focusing solely on the word “proper” in the standard instruction. “Proper” *11 has a host of meanings, though in this context it is likely understood to mean “fit,” “suitable,” or “appropriate.” Yet his experience was that former jurors, to whom he routinely sends post-trial letters informing them about the sentences he imposed in their cases, have misunderstood “proper” to mean that he had unlimited discretion to impose any and all possible sentences, whether involving incarceration or otherwise. Though the standard instruction does not say the trial judge’s sentencing discretion is unlimited, apparently some jurors are mentally processing it that way. Because the “evolving policy” has been toward eliminating “any knowledge of potential penalties for the crimes with which a defendant is charged,” Broughton, 790 So.2d at 1119, supplementing the standard instruction in a way that mentions, or inferentially suggests, that the trial judge is limited by statutory sentencing constraints would go against this trend.
As an alternative, jurors might be told the trial judge is to “determine a lawful sentence” upon a finding of guilt, which is slightly more accurate. Indeed, it was an option the trial judge discussed below in the pre-trial hearing. Modifying the standard instruction to use “lawful” rather than “proper” would potentially eliminate the major concern expressed by former jurors. “Lawful” is a narrower concept than “proper” — the latter having a more open-ended connotation (as the trial judge related) than the former, which has a more restrictive meaning (i.e., bound by the law). Standard instructions are not immutable; they can be modified provided the trial court explains on the record why it is doing so.[2] Substituting “lawful” for “proper” might be worth considering given that the State told the trial court it “would not argue with a possible instruction stating that the Court will determine the proper sentence in accordance with the law mandated by the legislature.”

. The former version of the rule stated:
(a) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial.
Fla. R. Crim. P. 3.390 (1983). It was changed to state: "Except in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.” Fla. R. Crim. P. 3.390(a).

. Rule 3.985 provides that standard instructions may be used:
unless the trial judge shall determine that an applicable form of instruction is erroneous or inadequate, in which event the judge shall modify or amend the form or give such other instruction as the trial judge shall determine to be necessary to instruct the jury accurately and sufficiently on the circumstances of the case; and, in such event, the trial judge shall state on the record or in a separate order the respect in which the judge finds the standard form erroneous or inadequate and the legal basis of the judge’s finding.
Fla. R. Crim. P. 3.985; see Holt v. State, 987 So.2d 237, 240 (Fla. 1st DCA 2008) ("A trial court's obligation under this rule is mandatory-”).