# Third District Court of Appeal

## State of Florida

Opinion filed March 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-402
Lower Tribunal No. 15-6233

_____

**The State of Florida,**
Petitioner,

vs.

**Wesley Foley,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for petitioner.

Mark J. Feather, P.A., and Mark J. Feather (Trenton), for respondent.

Before SUAREZ, C.J., and SHEPHERD and SALTER, JJ.

SUAREZ, C.J.

The State of Florida petitions for a Writ of Certiorari and seeks to partially

quash the trial court's Order on State's Motion to Compel Production of Evidence.

We dismiss the State's Petition as the State has failed to demonstrate irreparable harm as a result of the trial court's order.

The respondent, Wesley Foley, is currently on trial for burglary with assault or battery, attempted second degree murder, and kidnapping in case no. F15-6233, pending below. During May and June, 2015, the respondent's former defense attorney issued subpoenas duces tecum to various third parties without permission of the trial court and without notifying the State of its intent to issue subpoenas as required by Florida Rule of Criminal Procedure 3.220(a). Upon discovering that subpoenas without notice had been issued, the State filed a motion to compel production of all evidence produced pursuant to those illegal subpoenas. The trial court determined that, as the subpoenas were issued by the defense without any notice to the State of its intent to issue them, the State was entitled to copies of the subpoenas. The trial court additionally ruled that the State was not entitled to copies of all the documents provided by third parties pursuant to the unauthorized subpoenas, but only to those documents "which were intended to be used at any hearing or trial," pursuant to Florida Rule of Criminal Procedure 3.220(d)(1)(B)(iii). The State now petitions this court for a writ of certiorari requesting this court quash that part of the trial court's order which requires the defendant to produce only those documents required to be produced by Florida Rule of Criminal Procedure 3.220 (d)(1)(B)(iii), arguing that the trial court erred in

not requiring the Defendant to produce <u>all</u> of the documents received in response to the subpoenas in question.

To prevail in its petition for a writ of certiorari, the State must first demonstrate that the contested pretrial discovery order constitutes a departure from the essential requirements of the law, resulting in irreparable harm, i.e., material injury that cannot be corrected on post-judgment appeal. <u>See</u> <u>Sucart v. Office of the Comm'r</u>, 129 So. 3d 1112, 1114 (Fla. 3d DCA 2013); <u>Damsky v. Univ. of Miami</u>, 152 So. 3d 789, 792 (Fla. 3d DCA 2014). This is where the State has a problem. By the State's own admission, pursuant to court order it not only has copies of the unauthorized subpoenas sent by the Defendant, but, more important, the State admits in its Petition before this Court as well as at the hearing before the trial court, that it could issue its own subpoenas duces tecum to the same third parties and obtain the documents in question. Therefore, where is the irreparable harm?

In its argument to establish irreparable harm, the State asserts there is no guarantee that the same documents would be produced as were previously provided to the defense, resulting in some speculative prejudice to the State in future witness depositions. This, however, is not irreparable harm required to invoke the high standard of appellate certiorari jurisdiction. <u>See</u> <u>Damsky v. Univ. of Miami</u>, 152 So. 3d 789, 792 (Fla. 3d DCA 2014) (holding an order that denies discovery normally does not rise to the

3

level of irreparable harm because it can be readily remedied on appeal); <u>Neeley v. CW Roberts Contracting, Inc.</u>, 948 So. 2d 844 (Fla. 1st DCA 2007) ("[O]rders having the effect of denying discovery are almost invariably not reviewable by certiorari because of the absence of irreparable harm."); <u>see also</u> <u>Esman v. Bd. of Regents</u>, 425 So. 2d 156, 157 (Fla. 1st DCA 1983) ("[T]he trial court's interlocutory ruling denying discovery does not furnish the occasion for this court's intervention through the use of the extraordinary writ."). Should the State find that, pursuant to the State's subpoena duces tecum, it did not receive from a third party a document(s) produced to the Defendant, there are many procedural avenues open to the State, through the trial court, to obtain and/or exclude that document(s).

As the State cannot establish irreparable harm caused by the trial court's action, it cannot meet the requirements for this Court to grant the requested Petition for Certiorari. We thus need not reach the merits of the State's argument on appeal.

Petition dismissed.