IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

        Petitioner,

 v.                                       Case No.  5D16-3360

OSCAR EUGENE MILBRY, III,

        Respondent.

_____/

Opinion filed May 5, 2017

Petition for Certiorari Review of Order
from the Circuit Court for Brevard County,
Charles G. Crawford, Judge.

Phil Archer, State Attorney, and Julia
Lynch, Assistant State Attorney, Viera, for
Petitioner.

Blaise Trettis, Public Defender, and Patrick
Lepore, Assistant Public Defender, Viera,
for Respondent.


BERGER, J.

     The State of Florida seeks certiorari relief from a circuit court order denying its

motion to consolidate.  We grant the writ.

     To receive relief under certiorari review, a party must show that the lower court

departed from the essential requirements of the law, the party will suffer a material injury

for the rest of the case, and there is no adequate remedy on post-judgment appeal.

Holmes Reg'l Med. Ctr., Inc. v. Dumigan, 151 So. 3d 1282, 1284 (Fla. 5th DCA 2014) (citing Allan & Conrad, Inc. v. Univ. of Cent. Fla., 961 So. 2d 1083, 1087 (Fla. 5th DCA 2007)).  The last two requirements are often combined into the concept of "irreparable harm."  Id. (citing Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 351 (Fla. 2012)).  Irreparable harm is jurisdictional and must be found before a court may even consider whether there has been a departure from the essential requirements of the law. Id.

On October 4, 2011, a grand jury indicted Oscar Milbry, III, on charges of first-degree felony murder and aggravated child abuse.  The case was set for trial.  Shortly before trial, Milbry listed Dr. Mark Shuman as an expert witness.  During the State's deposition, Dr. Shuman provided an alternative theory that would support the charge of aggravated manslaughter of a child.  Based on the doctor's testimony, the State filed an information charging Milbry with aggravated manslaughter of a child and thereafter moved to consolidate the two cases because the separate charging documents arose from the death of the same child.  The motion was denied, prompting the State to seek certiorari review.

The first consideration in any certiorari proceeding is whether irreparable harm has been demonstrated.  State v. Foley, 193 So. 3d 24, 26 (Fla. 3d DCA 2016).  Irreparable harm in the criminal context, when the petition is brought by the State, is a unique issue due to the State's limited ability to appeal.  State v. Pettis, 520 So. 2d 250, 253 (Fla. 1988).  Indeed, the State may only appeal certain enumerated orders, id. (citing Fla. R. App. P. 9.140(c)), and the order under consideration here is not within that list.  See Fla. R. App. P. 9.140(c).  Moreover, when there is an acquittal, the State is precluded from

2

review by double jeopardy. Id. Accordingly, the Florida Supreme Court has held that where an order forces the State to proceed to trial with a significant impairment, and no appeal from the order would be available on an acquittal, the State may properly invoke certiorari review. See Pettis, 520 So. 2d at 253.

The State argues it has a material injury that cannot be corrected on appeal because it is being forced to present competing theories of guilt for the same act in separate trials. According to the State, if it moves ahead with the felony murder and child abuse case, Milbry will argue culpable negligence to defeat the intent element. Conversely, if the State moves ahead on aggravated manslaughter of a child, Milbry will argue child abuse as a defense to defeat the culpable negligence element by showing intent. Accordingly, the State maintains that the current order forces it to trial without a fundamental theory of the case, and requires it to proceed piecemeal, with Milbry able to use the State's own alternative theories as a defense.

The question we must resolve is whether this alleged harm substantially impairs the State's ability to prosecute. State v. Jones, 30 So. 3d 619, 623 (Fla. 2d DCA 2010) (citing Pettis, 520 So. 2d at 253). We conclude that it does. Because failing to consolidate robs the State of an entire theory of culpability, the State has alleged irreparable harm sufficient to invoke certiorari jurisdiction.

We next turn to whether there has been a departure from the essential requirements of the law.[1] State v. Clyatt, 976 So. 2d 1182, 1182 (Fla. 5th DCA 2008). Florida Rule of Criminal Procedure 3.151(b) provides:

---

[1] Milbry's entire argument on the matter revolves around a theory of constructively amending an indictment via consolidation. That argument is without merit. See Mendyk v. State, 545 So. 2d 846, 848-49 (Fla. 1989) (citing King v. State, 390 So. 2d 315 (Fla.

3

**(b) Consolidation of Indictments or Informations.** Two or more indictments or informations charging related offenses <u>shall</u> be consolidated for trial on a timely motion by a defendant or by the state. The procedure thereafter <u>shall</u> be the same as if the prosecution were under a single indictment or information. Failure to timely move for consolidation constitutes a waiver of the right to consolidation.

Fla. R. Crim. P. 3.151(b) (emphasis added). For the purpose of this rule, related offenses are two or more offenses "triable in the same court and . . . based on the same act or transaction or on 2 or more connected acts or transactions." Fla. R. Crim. P. 3.151(a).

Here, the two cases are related offenses because they occurred at the same time and involve the death of the same child.[2] Therefore, given the mandatory language of the rule and absent an untimely motion, it appears consolidation was required.[3] <u>See</u> <u>Shands Teaching Hosp. & Clinics, Inc. v. Sidky</u>, 936 So. 2d 715, 721 (Fla. 4th DCA 2006) ("The word 'may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word 'shall.'" (quoting <u>The Fla. Bar v. Trazenfeld</u>, 833 So. 2d 734, 738 (Fla. 2002))).

Inasmuch as the State was entitled to consolidation, we hold that the trial court departed from the essential requirements of the law when it denied the State's motion by concluding, "there is [sic] no grounds with which this Information can be consolidated with

---

1980)) (consolidating indictment with information is permissible). Nonetheless, the State bears the burden to establish a clear departure from the essential requirements of law. <u>See</u> <u>State v. Davis</u>, 147 So. 3d 7, 9 (Fla. 1st DCA 2013) (citing <u>Reeves v. Fleetwood Homes of Fla., Inc.</u>, 889 So. 2d 812, 822 (Fla. 2004)).

[2] At the hearing on Milbry's motion to dismiss, defense counsel conceded the offenses were related when he argued, "[t]he Indictment was wholly made from the same facts and circumstances and events, and the entire episode occurred on May 20, 2011."

[3] The use of "shall" in rule 3.151(b) differs from the civil rule, which only uses the permissive "may." <u>See</u> Fla. R. Civ. P. 1.270(a).

4

the grand jury's Indictment." Accordingly, we quash the order under review and remand for entry of an order consolidating the two cases.

PETITION GRANTED.

WALLIS, J., and JACOBUS, B.W., Senior Judge, concur.